**In re Warren Clyde BATES, Debtor.**

**Bankruptcy No. 386–00227H13.**

United States Bankruptcy Court,
D. Oregon.

Nov. 20, 1987.

Steve Scroggin, Beaverton, Or., for debtor.

Mark Nebergall, Asst. Atty. Gen., Washington, D.C., for IRS.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came to be heard upon the debtor's objections to the claim filed by the Internal Revenue Service (IRS) and his motion to avoid IRS liens. The debtor was represented by Steve Scroggin of Beaverton, Oregon. The IRS was represented by Mark Nebergall, assistant Attorney General, of Washington, D.C. For the reasons stated below, the objections must be overruled.

The IRS contends that its claim for unpaid 1978 income taxes and interest is secured by personal property valued by the debtor in his Chapter 13 Statement as follows:

| | |
|---|---|
| Vehicle | $3,000.00 |
| Household goods | 4,000.00 |
| Personal effects | 900.00 |
| Bank deposits | 400.00 |
| Samples and sample cases | 1,400.00 |

The debtor objected to the amount of prepetition interest claimed by the IRS. The IRS, in response to the objection, filed an Amended Proof of Claim which reduced the amount of interest claimed. Under Bankr.R. 3001(f) the amended proof of claim is prima facie evidence of the validity and amount of the claim. The debtor has provided no accounting or other evidence

which would call into question the amount of interest set forth in the amended proof of claim.

The next objection is that the lien is unenforceable against the trustee, and therefore avoidable by the debtor. The debtor advances several theories in furtherance of the contention that the lien is not effective.

The first basis asserted is that certain procedural defects in the assessment and filing of the lien notice rendered the lien invalid. At hearing the debtor conceded those arguments were not well taken.

The debtor next contends that the IRS failed to properly perfect the lien as to the vehicle and bank deposits. It is his position that "[a] lien in cash cannot be perfected by a U.C.C. filing" under ORS 79.3040 and a lien upon a vehicle must be perfected by notation upon the certificate of title.

Federal law controls questions of the operation and enforcement of federal tax liens. *United States v. Brosnan*, 363 U.S. 237, 240, 80 S.Ct. 1108, 1110, 4 L.Ed.2d 1192 (1950). Pursuant to 26 U.S.C. § 6321, a tax lien attaches to all property of the debtor. That lien is invalid against any subsequent purchaser or encumbrancer of the property until the notice of lien required by 26 U.S.C. § 6323(a) has been duly filed. The place for filing of the notice, in the case of personal property, is the office of the Oregon Secretary of State. 26 U.S. C. § 6323(f)(1)(A)(ii); ORS § 87.806(3). There is no dispute that such a notice was duly filed. The argument that the tax lien is totally ineffective against third parties acquiring an interest in the property is without merit.

The debtor's next level of argument is that all items except the bank deposits fall within one of the "superpriority" sections of 26 U.S.C. § 6323(b). That section protects certain purchasers of property despite the fact that a notice of tax lien was filed prior to the purchase.

As to the vehicle, § 6323(b)(2) offers protection to a purchaser who has acquired possession prior to obtaining actual knowledge or notice of the lien. While the Code grants the trustee certain avoiding powers as a hypothetical purchaser at the time of the commencement of the case, it does not grant the trustee hypothetical possession at the time of the commencement of the case. *See* 11 U.S.C. § 545(2); *Matter of Tape City, U.S.A. Inc.*, 677 F.2d 401 (5th Cir.1982).

Similarly, a federal tax lien is generally enforceable against purchasers of household goods, personal effects and tools of trade. 26 U.S.C. § 6323(b)(4) protects purchasers of such items only where the items are

"purchased (not for resale) in a casual sale for less than $250 ... but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales."

Nothing in the Bankruptcy Code places the trustee in a situation similar to that described above. The lien is therefore enforceable against the trustee. Since the rights claimed by the debtor are derived from the trustee's avoiding powers, the debtor may not avoid the lien as ineffective pursuant to 26 U.S.C. § 6323(b).

The debtor's last argument is that the exemptions found in 26 U.S.C. § 6334 render the tax lien unenforceable, and therefore avoidable under 11 U.S.C. § 545(2). That argument was recently rejected by this court in *In Re Beckstead*, No. 387–01960, slip op. (Bankr. D.Or. Oct. 29, 1987). The provisions of 26 U.S.C. § 6334 merely protect the property from the levy procedure provided by the Internal Revenue Code. That procedure is a summary, non-judicial method for enforcing tax obligations. The section does not provide a general exemption from the tax lien. The IRS may still enforce its lien against the property by judicial foreclosure under 26 U.S.C. § 7403(a). The lien is therefore still enforceable against all of the debtor's property, and not subject to avoidance.

Based upon the above, the debtor's objections to the claim of the IRS should be

overruled. An appropriate order will be entered.