**In re McNITT, Lyman L., Debtor.**

**Lyman L. McNITT, Debtor and Barry Zimmerman, Trustee, Plaintiffs,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 91–00302–13.
Adv. No. 91–6177.**

United States Bankruptcy Court, D. Idaho.

Jan. 24, 1992.

Randal J. French, Boise, Idaho, for plaintiffs.

Keith P. Duet, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The plaintiffs in this adversary proceeding, a chapter 13 debtor and his chapter 13 trustee, want the attachment lien of the Internal Revenue Service of the United States (IRS) avoided on the debtor's interest in the Idaho Power Company employees stock option plan. The plaintiffs' cause of action is based on the theory the debtor's interest in the employee stock option plan is a security and thus the lien does not attach to the property in the hands of a bona fide purchaser, in this instance, the chapter 13 trustee, under the provisions of 26 U.S.C. § 6323(b).[1] The plaintiffs further contend the lien is avoidable under the provisions of 11 U.S.C. § 545(2),[2] since the lien was not perfected, and not enforceable because of 26 U.S.C. § 6323(b).

The IRS contends its lien was perfected under Section 545 and further, the debtor's interest in the plan is not a security.

■ The only factual issue involved is the question of perfection of the IRS lien at the time of the debtor's filing his chapter 13 petition. According to Exhibit 6, the IRS lien was perfected by the filing of a notice of federal tax lien with the Ada County Recorder of October 30, 1989. The debtor's chapter 13 petition was filed January 31, 1991. The debtor contends the IRS released its lien but there is nothing in the record to so indicate. The lien was thus perfected under Section 545(2).

■ Whether the interest of the debtor in the stock option plan is or is not a security within the meaning of 26 U.S.C. § 6323(b), is irrelevant as a chapter 13 trustee cannot be considered a bona fide purchaser under that section. Section

1. 26 U.S.C. § 6323 provides:

**Validity and priority against certain persons**
 **(a) Purchases, holders of security interests, mechanic's lienors, and judgment lien creditors.**—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.
 **(b) Protection for certain interests even though notice filed.**—Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—
 **(1) Securities.**—With respect to a security (as defined in subsection (h)(4))—
 **(A)** as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and

. . . . .

2. 11 U.S.C. § 545 provides:

**Statutory liens**

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
 (1) first becomes effective against the debtor—
 (A) when a case under this title concerning the debtor is commenced;
 (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;
 (C) when a custodian is appointed or authorized to take or takes possession;
 (D) when the debtor becomes insolvent;
 (E) when the debtor's financial condition fails to meet a specified standard; or
 (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
 (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists;

. . . . .

6323(h)(6) defines a purchaser as "... a person who, for adequate and full consideration in money or money's worth, acquires an interest ..."

The trustee is not a purchaser for value and therefore does not fall within the statute.

The purpose of Section 6323(b) is obviously to allow the free alienability of securities without threats of tax liability encumbrances.[3] Such a policy would not be furthered by the application of the statute to an interest in a stock option plan in a chapter 13 case.

In conclusion, the IRS lien was perfected, and thus not avoidable under the provisions of 11 U.S.C. § 545(2). The chapter 13 trustee is not a bona fide purchaser under the provisions of 26 U.S.C. § 6323(b)(1)(A).

Relief to the plaintiffs under their complaint is denied. Counsel for the IRS may prepare an appropriate form of judgment.

---

**3.** *Malkin v. United States,* 645 F.Supp. 229 (S.D.N.Y.1986).