**UNITED STATES of America**

v.

**Kenneth A. BRANCH, Debtor,**

**Trawick H. Stubbs, Jr., Trustee, Defendant.**

**No. 93–673–CIV–5–BO.**

United States District Court, E.D. North Carolina, Raleigh Division.

April 20, 1994.

The case arises out of a Chapter 13 bankruptcy in which the debtor had prior federal tax liens. The debtor moved to avoid some of these federal tax liens pursuant to 11 U.S.C. § 545(2) and 26 U.S.C. §§ 6323(b)(1) and (b)(4). The United States moved to dismiss debtor's complaint due to lack of standing. The trustee, Trawick H. Stubbs, intervened. The Bankruptcy Court denied the motion to dismiss based on the trustee's intervention. On September 28, 1993, the Bankruptcy Court granted in part debtor's and trustee's motion for summary judgment.

The appeal arises from the Bankruptcy Court's order to avoid the tax lien on some of the debtor's household furniture and goods. The government claims that the debtor had no standing to avoid the liens and that the liens are not subject to avoidance.

## STATEMENT OF THE FACTS

Prior to the debtor's bankruptcy, the IRS perfected a federal tax lien for unpaid income taxes for the years 1984, 1985, and 1989. The IRS filed a proof of claim for $14,850, of which it claims $4,636 is secured by a lien on Branch's household goods and his state employee's retirement (TSER) account of approximately $10,000. The Bankruptcy Court found that the pension fund was subject to the IRS lien and that this lien could not be avoided and judgment was entered accordingly.

The Bankruptcy Court found that the IRS was not entitled to summary judgment to enforce its lien on household goods. The Bankruptcy Court determined that the lien by the IRS on household goods was avoidable if each good was valued at $250 or less. The goods on the schedule of assets were found appropriately listed and appraised on an item by item basis. Those items with a value greater than $250 are subject to the lien.

Thomas Holderness, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant U.S.

William E. Brewer, Jr., Raleigh, NC, for appellee Kenneth A. Branch.

Trawick H. Stubbs, Jr., pro se.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This is an appeal from the order of the Bankruptcy Court. This court has jurisdiction pursuant to 28 U.S.C. § 157(a).

## CONCLUSIONS OF LAW

Findings of fact by the Bankruptcy Court shall not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013; *Travelers Ins. Co. v. Bryson Properties, XVIII (In re Bryson Properties, XVIII)*, 961 F.2d 496, 499 (4th Cir.1992). Issues of law are reviewed de

novo. *In re Rape*, 104 B.R. 741, 747 (W.D.N.C.1989). The issues on appeal are issues of law.

■ The debtor's standing to avoid the liens pursuant to 11 U.S.C. § 545(2) is moot since the trustee appears in the case. Section 545 reads:

the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien— ... (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists....

The presence of the trustee as an intervenor at a time prior to the Bankruptcy Court's order permits the trustee to utilize § 545(2) in order to avoid the fixing of a statutory IRS lien on qualifying property of the debtor. The fact the debtor was the only party at the time the lien was first challenged does not control because the trustee was permitted to intervene and has joined with this Chapter 13 debtor in the adversary proceeding. The Bankruptcy Court correctly ruled that the fact the trustee was a party and has requested relief under § 545(2) controls.

■ The debtor and the trustee maintain that the tax lien on debtor's household goods should be avoided under 26 U.S.C. § 6323(b)(4). Subsection (b)(4) states

(b) PROTECTION FOR CERTAIN INTEREST EVEN THOUGH NOTICE FILED.—Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

. . . . .

(4) PERSONAL PROPERTY PURCHASED IN CASUAL SALE—With respect to household goods, personal effects, or other tangible personal property described in section 6334(a) purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

26 U.S.C. § 6323(b) (Supp.1993).

Section 545(2) gives the trustee the status of a bona fide purchaser as of the petition date. Further, as of the petition date, the trustee is a purchaser at a "casual sale." The trustee is a casual sale purchaser because the definition of a casual sale is one not in the "ordinary course of the seller's trade or business." Treas.Reg. § 301.6323(b)–1(d). A sale which occurs by operation of law because of the filing of a bankruptcy petition is, as a matter of law, one not occurring in the ordinary course of business and, consequently, it is a casual sale.

Finding the sale to be a casual sale, the goods may be exempted if several other conditions are met. The goods must not exceed $250 in value for the lien to be avoided. The Bankruptcy Court correctly treated each item on the schedule separately for sale purposes in considering their value.

Because the trustee is given the legal status of a bona fide purchaser by definition, the trustee is without notice of any defect in title to the goods, and it follows as a matter of law that the trustee is without knowledge of any claimed series of sales because sale as it is used in the statute only arises as a legal fiction by operation of law as a result of the filing of the bankruptcy petition.

The orders of the Bankruptcy Court appealed to this court are affirmed in their entirety.

SO ORDERED.