**INTERNAL REVENUE SERVICE,**
**Appellant,**

v.

**Sandra E. DIPERNA, Appellee.**

**No. 5:95–CV–555–BR.**

United States District Court,
E.D. North Carolina,
Western Division.

Feb. 24, 1996.

Lawrence P. Blaskopf, U.S. Department of Justice, Trial Attorney, Tax Division, Washington, DC, for appellant.

William E. Brewer, Jr., Raleigh, NC, for appellee.

### ORDER

BRITT, District Judge.

Before the court is the Internal Revenue Service's ("IRS") appeal from the decision of the bankruptcy court granting the joint motion of appellee Sandra E. Diperna and the Chapter 13 trustee to avoid federal tax liens. For the reasons discussed below, the decision of the bankruptcy court is REVERSED.

### I. *FACTS*

Appellee filed a Chapter 13 bankruptcy petition on 27 October 1994. Thereafter, the IRS filed a proof of claim in the amount of $8140.50, claimed as secured by federal tax liens. On 14 February 1995, appellee and the trustee filed a motion to avoid the liens

on appellee's automobile and on her household goods with an individual value of $250.00 or less pursuant to 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b). The IRS opposed the motion. After a hearing on 2 May 1995, U.S. Bankruptcy Judge A. Thomas Small, by order dated 8 May 1995, granted the motion. This appeal followed.

## II. STANDARD OF REVIEW

■ The court reviews the bankruptcy court's legal conclusions *de novo*. *Umholtz v. Brady*, 169 B.R. 569, 572 (E.D.N.C.1993), *aff'd*, 27 F.3d 564 (4th Cir.1994) (table).

## III. DISCUSSION

■ The primary issue on appeal concerns the relationship between the Bankruptcy Code, 11 U.S.C. § 545(2), and the Internal Revenue Code ("IRC"), 26 U.S.C. § 6323. Section 545(2) provides that

[t]he trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or nor such a purchaser exists.

"Pursuant to this section, a trustee may step into the shoes of a hypothetical bona fide purchaser and claim the same defenses to statutory liens on a debtor's property as would a bona fide purchaser." *United States v. Hunter (In re Walter)*, 45 F.3d 1023, 1027 (6th Cir.1995). Federal tax liens, which arise pursuant to 26 U.S.C. §§ 6321[1] and 6322,[2] are statutory liens within the meaning of the Bankruptcy Code, *Robinson v. United States (In re Carolina Resort Motels, Inc.)*, 51 B.R. 447, 449 (D.S.C.1985); *see also* 11 U.S.C. § 101(53), thus, they are subject to avoidance. *In re Walter*, 45 F.3d at 1027.

■ Although a tax lien arises automatically upon assessment, *see* 26 U.S.C. § 6322,

the lien is not valid against third parties until the IRS files notice of the lien, *see id.* § 6323(a). However, the IRC does give superpriority to those who purchase certain property from the taxpayer after such notice has been filed. 4 *Collier on Bankruptcy* ¶ 545.04[3] (15th ed. Supp.1995). The IRC, § 6323(b), states in relevant part:

Even though notice of a lien ... has been filed, such lien shall not be valid.... (2) Motor vehicles.—With respect to a motor vehicle ... as against a purchaser of such motor vehicle, if—

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent....

(4) Personal property purchased in casual sale.—With respect to household goods, personal effects, or other tangible personal property ... purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

The purpose of this superpriority section is to encourage the transfer of specified properties and protect those who purchase such property without notice of the tax lien. *In re Walter*, 45 F.3d at 1031 n. 7.

■ In this case, the IRS filed notice of its tax liens prior to the appellee's filing of her Chapter 13 petition. Appellee argues that "bona fide purchaser" as that term is used in the Bankruptcy Code § 545(2) includes "purchasers" who are given superpriority status under the IRC § 6323(b)(2) and (4). On the other hand, appellant contends that although the trustee is a hypothetical bona fide purchaser, the trustee does not fall within the

---

**1.** 26 U.S.C. § 6321 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the

United States upon all property and rights to property, whether real or personal, belonging to such person.

**2.** "[T]he lien imposed by section 6321 shall arise at the time the assessment is made...." 26 U.S.C. § 6322.

protection of the IRC's superpriority provisions so as to be able to avoid the tax liens on appellee's automobile and household goods.

■ At the outset, the court must address whether a "bona fide purchaser" under § 545(2) is entitled to the protection afforded a "purchaser" under § 6323(b). "Purchaser" is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6). The Bankruptcy Code does not define "bona fide purchaser." Thus, the court will accord the term its ordinary meaning. *See Reed v. Health & Human Servs.*, 774 F.2d 1270, 1274 (4th Cir.1985) ("The starting point for construing the statute is therefore an examination of the ordinary meaning of the undefined term; '[w]here Congress uses terms that have accumulated settled meaning . . ., a court must infer . . . that Congress means to incorporate the established meaning of these terms.'" (citation omitted)), *rev'd on other grounds*, 481 U.S. 368, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987). "Bona fide purchaser" has traditionally been defined as "[o]ne who has purchased property for value without any notice of any defects in the title of the seller."[3] *Black's Law Dictionary* 177 (6th ed. 1990). "[V]alue" is a much lower standard than "adequate and full consideration in money or money's worth." Because a bona fide purchaser is not necessarily a purchaser for purposes of [IRC] § 6323(b)(2), it follows that a trustee standing in the shoes of a hypothetical bona fide purchaser does not fall within the protection of this statute.

*In re Walter*, 45 F.3d at 1030–31 (footnotes omitted) (citing *In re Hepler*, No. 93–71086,

1993 WL 453370, at *2 (Bankr.D.S.C. July 30, 1993); *In re McNitt*, 139 B.R. 21, 23 (Bankr.D.Idaho 1992); *In re Bates*, 81 B.R. 63, 64 (Bankr.D.Or.1987)); *see also United States v. Battley (In re Berg)*, 188 B.R. 615, 619–20 (9th Cir. BAP 1995); *United States v. Weissing*, No. 93–1507, 1995 WL 579928, at *4–5 (M.D.Fla. July 20, 1995). *But see Askanase v. United States (In re Guyana Dev. Corp.)*, 189 B.R. 393, 397 (Bankr.S.D.Tex. 1995); *United States v. Branch*, 170 B.R. 577, 579 (E.D.N.C.1994); *United States v. Sierer*, 139 B.R. 752, 755 (N.D.Fla.1991). *See generally* 4 *Collier on Bankruptcy, supra*, ¶¶ 545.02–545.04; Morgan D. King & Jonathan H. Moss, *Avoiding Tax Liens on Personal Property in Bankruptcy: A Look at the Interplay Between the Bona Fide Purchaser Provisions of the Tax and Bankruptcy Codes*, 31 Cal.W.L.Rev. 1 (1994).

■ Even if the court were persuaded that a trustee was entitled to the protection of § 6323(b), the subsections of § 6323(b) at issue here require something in addition to purchaser status in order for the tax lien to be invalid as to the purchaser. With respect to motor vehicles, the purchaser must have acquired possession of the vehicle before obtaining actual notice or knowledge of the tax lien. 26 U.S.C. § 6323(b)(2). Furthermore, a purchaser of personal property in a casual sale[4] for less than $250 is protected only if the purchaser did not have actual notice or knowledge of the lien or that the sale was one of a "series of sales."[5] *Id.* § 6323(b)(4). Although the trustee steps into the shoes of a bona fide purchaser, this is all he or she does; the court will not assume that the trustee has characteristics beyond that which a hypothetical bona fide purchaser would have. *See In re Walter*, 45 F.3d at 1033–34 ("[W]here a bona fide purchaser is without

---

**3.** Because the statutory language of § 545(2) is plain and unambiguous, the court need not resort to its legislative history. *See Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1482 (4th Cir. 1996); *In re Walter*, 45 F.3d at 1027 n. 2. Furthermore, the history is of little assistance, as it is confusing and Congress' intent is unclear. *See In re Walter*, 45 F.3d at 1027 n. 2 (citing *Znider v. United States (In re Znider)*, 150 B.R. 239, 242 (Bankr.C.D.Cal.), *vacated on other grounds*, 167 B.R. 603 (C.D.Cal.1993); *In re Williams*, 109 B.R. 179, 182 (Bankr.W.D.N.C.1989)). *But see*

*United States v. Sierer*, 139 B.R. 752, 754 (N.D.Fla.1991).

**4.** A casual sale is one not in the ordinary course of the seller's business. Treas.Reg. § 301.6323(b)–1(d)(1).

**5.** "[A] sale is one of a series of sales if the seller plans to dispose of, in separate transactions, substantially all of his household goods, personal effects, and other tangible personal property . . . ." Treas.Reg. § 301.6323(b)–1(d)(2)(ii).

the power to avoid a lien because the controlling law requires something more than mere bona fide purchaser status for protection, the trustee also is without power to avoid the lien."); *Weissing,* at *5 (holding Bankruptcy Code does not grant the hypothetical bona fide purchaser "hypothetical possession" of a vehicle); *Sierer,* 139 B.R. at 755 (same); *In re Williams,* 109 B.R. at 181 (same); *In re Bates,* 81 B.R. 63, 64 (Bankr.D.Or.1987) (holding trustee is not granted hypothetical possession nor is he or she placed in the situation required by § 6323(b)(4)). *But see Branch,* 170 B.R. at 579.

■ Finally, appellant contends that the appellee-debtor lacks standing to avoid the IRS' lien. Assuming without deciding that the debtor has standing, the above analysis applies with equal force to the debtor. *See In re Walter,* 45 F.3d at 1033–34 (Chapter 11 debtors-in-possession are not purchasers within § 6323(b)(2)); *In re Williams,* 109 B.R. at 181 (Chapter 13 debtors cannot avoid tax liens); *In re Bates,* 81 B.R. at 64 (Chapter 13 debtor, whose rights are derived from the trustee's avoiding powers, may not avoid lien when trustee not granted hypothetical possession).

For the foregoing reasons, the decision of the bankruptcy court is REVERSED.