In re Ronald George PHILLIPS, Debtor.

Ronald George PHILLIPS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 94–365–Civ–J–20.
Bankruptcy No. 93–1826–BKC–3P7.
Adversary No. 93–239.

United States District Court,
M.D. Florida,
Jacksonville Division.

April 25, 1996.

William Francis Lawless, Sr., William F. Lawless, P.A., Altamonte Springs, FL, for appellant.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for appellee.

## ORDER

SCHLESINGER, District Judge.

The debtor/appellant, Ronald George Phillips, appeals from the Bankruptcy Court's Order granting the United States' motion to dismiss Count II of his complaint in the above-styled adversary proceeding. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The issues presented on appeal are: (1) whether the court erred in relying on *Dewsnup v. Timm* to determine that the debtor was, in effect, lien stripping; and (2) whether the court erred in relying on *Dewsnup v. Timm* to determine that the debtor had no standing to ask the court to determine that the tax lien was not valid. For the reasons stated herein, the Court affirms the decision of the Bankruptcy Court.

On April 20, 1993, Ronald George Phillips filed for protection under Chapter 7 of the Bankruptcy Code. Prior to the bankruptcy petition, the United States had filed, on three separate occasions, notices of federal tax lien for unpaid federal taxes due from the debtor: (1) on October 6, 1986, in the amount of $45,966.67 for the 1974 through 1984 tax years; (2) on July 11, 1991, for $5,206.41 for tax years 1983 and 1984; and (3) on August 7, 1991, for $4,061.85 for 1984. The Internal Revenue Service (IRS) was listed as a creditor on Schedule E of the debtor's petition pursuant to the liens, which were was created on all real and personal property and rights to property of the debtor, including after-acquired property. *See* 26 U.S.C. §§ 6321, 6322; *Glass City Bank v. United States*, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945). The United States recorded the liens in Douglasville, GA, the then-residence of the debtor.

On May 7, 1993, the debtor filed his complaint against the United States to determine dischargeability of tax liability, pursuant to 11 U.S.C. § 523 (Count I), and to determine

that the lien filed by the IRS was ineffective as to the debtor's property (Count II).

In its Answer, the United States conceded that the taxes were dischargeable, as alleged in Count I of debtor's Complaint, and requested that the court make such a determination. The United States asserted, however, that even though the tax liabilities would be discharged as to the debtor personally, the statutory federal tax lien would remain on the debtor's property, both real and personal, for a period of ten years from the date of assessment of the liabilities in order to allow the United States to collect the unpaid taxes.

The United States filed a motion to dismiss Count II, alleging that the debtor was not entitled to a determination that the lien was invalid, because the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), precluded such a determination. The debtor then filed a motion for summary judgment requesting determinations that (1) the taxes at issue were dischargeable, and (2) the lien of the United States was ineffective as to debtor's property in Duval County, Florida.

The Bankruptcy Court determined that the tax liability was dischargeable, and granted the debtor's motion for summary judgment on that issue (Count I), but dismissed Count II, which challenged the validity of the lien, the subject of this appeal. The court held that: (1) *Dewsnup* would not allow the debtor to "strip down" the lien to the value of the debtor's personal property, which was considerably less than the tax lien, and (2) the debtor did not have standing to bring the proceeding because the property at issue was declared to be exempt property, which is not property of the estate under the jurisdiction of the Bankruptcy Court. Order Granting Motion of United States to Dismiss Count II of Complaint at [unnumbered] 1 and Transcript of Proceedings on the Motion to Dismiss Count II, February 16, 1994, at 11. The debtor now appeals that decision.

■■■ The United States District Court functions as an appellate court in reviewing decisions of the Bankruptcy Court. *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994). Thus, while the Court reviews on a *de novo* basis the legal conclusions of the Bankruptcy Court, the Court must accept the Bankruptcy Court's findings of fact unless those findings are clearly erroneous. Rule 8013, Fed.R.Bankr.P.; *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991). The issues presented on appeal challenge the legal conclusions of the Bankruptcy Court; therefore, the Court reviews them de novo.

■■ The debtor first asserts that, according to 26 U.S.C. § 6323(f)(1) and *Fla.Stat.* § 28.222(3)(e), because the Notice of Federal Tax Lien (NFTL) was filed in Douglas County, Douglasville, Georgia, and was not refiled in Florida, it is ineffective as against any of the debtor's Florida property since he now resides in Florida. The debtor had claimed the property, valued at approximately $380, as exempt property under the Bankruptcy Code. He further argues that since the IRS failed to re-record its liens, as allegedly required in the NFTL, 11 U.S.C. § 362 bars it from re-recording its lien and, therefore, acts as a release. Finally, the debtor asserts that Count II should not be interpreted under 11 U.S.C. § 506, and therefore is not barred by *Dewsnup*, because he has not asked the court to determine the *value* of the IRS lien, but merely to issue a declaratory judgment stating that the lien has no force and effect on property owned by the debtor in Duval County, Florida, either because it was recorded in Georgia and was not re-recorded in Florida, or because the time to refile the NFTL has run without such refiling.

The United States contends that the bankruptcy court properly determined, as a matter of law, that the relief requested was barred by the *Dewsnup* decision. It asserts that it is apparent that the goal of the debtor's complaint is to defeat the secured status of the United States as to the debtor's property by a determination that the lien of the United States is not valid. Debtor's failure to refer to 11 U.S.C. § 506, it asserts, does not change the fact that this is clearly a request to determine secured status pursuant to the provisions of section 506. The United States further asserts that even if this Court determines that the bankruptcy court erred in its decision, the debtor is not entitled, as a

matter of law, to invalidate the statutory federal tax lien.

In relevant part, section 506(a) of the Bankruptcy Code states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim *to the extent of the value of such creditor's interest in the estate's interest in such property....*

11 U.S.C. § 506(a) (emphasis added).

Section 506(d) reads:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

In *Dewsnup*, the debtors sought to avoid the lien of the defendant pursuant to section 506 of the Bankruptcy Code to the extent that the lien exceeded the fair market value of the abandoned property to which the lien attached. The Supreme Court held that, contrary to the debtor's assertion, § 506(d) does not allow the debtor to "strip down" the lien, because "respondents' claim is secured by a lien and has been fully allowed pursuant to § 502." 502 U.S. at 417. The Court held that the creditor's lien stays with the property, which in that case was real property, until foreclosure.

In the Court of Appeals' decision, which the Supreme Court affirmed, the court held that the Chapter 7 debtors could not use section 506 to void the undersecured portion of the lien on property that had been abandoned by the Chapter 7 trustee. The abandoned property, the court reasoned, was not property of the bankruptcy estate. It reverts to the debtor and stands as if no bankruptcy was filed. In order to apply section 506(a), the estate must have an interest in the property. 908 F.2d at 590–91.

■ Similarly, a section 506 would not control exempt property, property in which the estate has no interest. *See In re Climate Control Engineers, Inc.*, 51 B.R. 359 (Bankr. M.D.Fla.1985). Therefore, to the extent the debtor was seeking to avoid the undersecured portion of the federal tax lien, pursuant to 11 U.S.C. § 506, the bankruptcy judge correctly held that *Dewsnup* precludes such relief.

■ Even if, as the debtor asserts, he is not seeking to value the lien under section 506 but to determine its validity, the decision of the bankruptcy court is due to be affirmed. Regardless of where the tax lien was filed or recorded, the law created the lien upon assessment of the tax liability. *See* 26 U.S.C. §§ 6321, 6322; *Glass City Bank v. United States*, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945). The refiling period in the NFTL refers only to the date upon which a recorded lien must be refiled in order to enlarge the collection period, which is originally set as ten years after assessment of the tax. *See* 26 U.S.C. § 6502. Since the statutory period had not expired, the lien was still valid.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Bankruptcy Court's Order Granting Motion of the United States to Dismiss Count II of Complaint (Doc. No. 11) is **AFFIRMED**; and

(2) The Clerk is directed to close the file.

DONE AND ORDERED.