**In re Therese A. CLEARY, Debtor.**

**Therese A. CLEARY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 96 B 02271.**
**Adversary No. 96 A 00642.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 14, 1997.

Forrest L. Ingram, Chicago, IL, for Plaintiff.

Robert T. Little, Special Assistant U.S. Attorney, Chicago, IL, for Defendant.

### MEMORANDUM OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary proceeding relates to the proceeding filed by Therese A. Cleary

("Cleary" or "Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* on January 29, 1996 ("Petition Date"). Cleary filed the present Adversary Complaint on May 17, 1996, seeking a determination and declaration of the dischargeability of her federal tax liabilities for the years 1988, 1989, 1990, and 1991. Cleary filed an amended complaint on August 29, 1996, dropping the 1989 tax liability for the relief sought and adding a request for a declaration that any lien arising from the unpaid taxes be avoided pursuant to 11 U.S.C. § 545.

The United States of America ("USA"), acting through the Internal Revenue Service ("IRS") now seeks summary judgment on all counts of the Amended Complaint, arguing that there are no material facts in dispute and that the legal issue to be resolved is whether the IRS's tax lien can be avoided pursuant to 11 U.S.C. § 545(2). Cleary maintains that there exist issues of fact material to resolution of this dispute.

### Undisputed Facts

The following undisputed facts emerge from the pleadings and summary judgment filings under Local Bankruptcy Rule 402.M and N:

1. Cleary is an individual who resides at 11231 Cottonwood Drive, Palos Hills, Illinois 60465, which is within the Northern District of Illinois.

2. On December 28, 1992, an assessment was made against Cleary for unpaid federal income taxes and interest for the year 1990.

3. On January 4, 1993, assessments were made against Cleary for unpaid federal income taxes and interest for the years 1988 and 1991.

4. Proper notice of the assessments and demand for payment of the assessments were sent to Cleary.

5. Cleary failed to satisfy the assessments.

6. On February 2, 1994, a federal tax lien was recorded in the office of the Cook County Recorder of Deeds under Recording Number 369400748. The lien indicates that the unpaid balance due for the tax period that ended December 31, 1988, is $5,182.84, the unpaid balance due for the tax period that ended December 31, 1990, is $11,523.45, and the unpaid balance due for the tax period that ended December 31, 1991, is $5,041.10.

7. The following items were owned by Cleary on the Petition Date as admitted and described in her More Definite Statement of Assets filed herein:

| Item | Date Purchased | Purchase Price |
|---|---|---|
| Couch | 1989 | $ 860 |
| Coffee Table | 1989 | 400 |
| Lamp | 1989 | 100 |
| TV Cabinet | 1989 | 400 |
| Stereo Cabinet | 1989 | 400 |
| Bed | 1987 | 800 |
| Dresser | 1989 | 200 |
| Hutch | 1989 | 700 |
| White Lamp | 1989 | 75 |
| Bamboo Chair | 1987 | 100 |
| TV | 1989 | 250 |
| Stereo | 1989 | 500 |
| VCR | 1989 | 200 |
| Computer and Printer | 1994 | 2,000 |
| Various Art Posters | 1988–1994 | 2,500 |
| Pots and Pans | 1987 | gift |
| Dishes | 1987 | 50 |
| Glasses | 1987 | 50 |
| Flatware | 1987 | 25 |
| Books, Tapes, CD's | 1980–current | 1,000 |
| Picture Frames | 1980–current | 200 |
| Vases | 1980–current | 100 |
| Ceiling Fan | 1980–current | 50 |
| Vacuum Cleaner | 1980–current | 150 |
| Portable AM/FM | 1980–current | 150 |
| Shoes | 1980–current | 1,000 |
| Boots | 1980–current | 500 |
| Purses and Belts | 1980–current | 500 |
| Coats | 1980–current | 2,500 |
| Suits and Work Clothes | 1980–current | 10,000 |

8. With the exception of the foregoing Debtor's computer, no single item hereinabove is worth more than $250.

9. This case was filed by Cleary under Chapter 7 of the Bankruptcy Code on January 29, 1996.

10. Cleary filed the Adversary Complaint commencing this proceeding on May 17, 1996, seeking determination and declaration of the dischargeability of her federal tax liabilities for the years 1988, 1989, 1990, and 1991. Cleary filed her Amended Complaint on August 29, 1996, dropping the 1989 tax liability from the relief sought and adding a request for a declaration that any lien arising from the unpaid taxes be avoided pursuant to 11 U.S.C. § 545.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (K) and was brought pursuant to Bankruptcy Rule 7001. Venue is proper under 28 U.S.C. § 1408(1).

## SUMMARY JUDGMENT

Summary judgment motions are governed by Fed.R.Civ.P. 56(c) and made applicable to bankruptcy proceedings under Fed. R.Bankr.P. 7056. Summary judgment is granted to avoid unnecessary trials when there are no genuine issues of material fact in dispute. *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). An issue of material fact will prevent summary judgment only if the issue is outcome determinative under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

## DISCUSSION

The Debtor alleges in her Amended Complaint that the taxes owed for the years 1988, 1990, and 1991 are dischargeable in bankruptcy because they do not conform to any of the exceptions to discharge provided in 11 U.S.C. § 523. The IRS has conceded this point.

The Debtor goes on to argue that any lien that might have arisen from the taxes owed never attached to her property and will never attach to her property, and that she is entitled to avoid any such lien pursuant to 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b)(3) and (4).

Section 545(2) of 11 U.S.C. provides as follows:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
> (2) is not perfected or enforceable at the time of the commencement of the case

against a *bona fide purchaser* that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists....

(Emphasis supplied.)

■ This section permits a trustee or debtor [1] to take the position of a hypothetical bona fide purchaser and claim the same defenses to the statutory liens on the debtor's property as such a purchaser could claim. *United States v. Hunter (In re Walter),* 45 F.3d 1023, 1027 (6th Cir.1995); *Internal Revenue Service v. Diperna,* 195 B.R. 358, 360 (E.D.N.C.1996). "Federal tax liens, which arise pursuant to 26 U.S.C. §§ 6321 and 6322, are statutory liens within the meaning of the Bankruptcy Code ... [and] are subject to avoidance [pursuant to 11 U.S.C. § 545]." *Diperna,* 195 B.R. at 360.

■ A federal tax lien is perfected and made valid against third parties by filing a notice of lien. Under 26 U.S.C. § 6323(f)(1)(A)(ii), each state is to designate an office for filing so that the lien attaches to a debtor's personal property. In Illinois, the notice is filed with the Office of the Recorder in the county in which the debtor resides. 770 ILCS 110/2(c)(4) (West 1993).

The IRS has provided a declaration of one of its employees and documentary evidence indicating that it followed the proper procedure and filed and recorded in the proper office its tax lien for the years in question. Cleary has provided no showing to the contrary, and therefore it must be concluded that the lien was validly perfected.

Exceptions to the power of the federal government to obtain a tax lien are provided by subsections of 26 U.S.C. § 6323(b).

Section 6323(b)(3) and (4) of 26 U.S.C. provides that:

> (b) Protection for certain interests even though notice filed.—Even though notice of a lien imposed by section 6321 has been filed, *such lien shall not be valid—*
>
> (3) Personal property purchased at retail.—With respect to tangible personal

---

1. A Chapter 7 debtor has standing to bring an avoidance proceeding when the trustee does not do so. *Wernimont v. Iowa Dept. of Revenue and*

*Finance,* 183 B.R. 181, 186 (Bankr.N.D.Iowa 1994).

property purchases at retail, *as against a purchase* in the ordinary course of the seller's trade or business, unless at the time of such purchase such purchaser intends such purchase to (or knows such purchase will) hinder, evade, or defeat the collection of any tax under this title. (4) Personal property purchases in casual sale.—With respect to household goods, personal effects, or other tangible personal property described in section 6334(a) purchases (not for resale) in a casual sale for less than $250, *as against the purchaser*, but only if such purchaser does not have actual knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

■■■ "The purpose of this superpriority section is to encourage the transfer of specified properties and to protect those who purchase such property without notice of the tax lien." *Diperna*, 195 B.R. at 360 *(citing Walter*, 45 F.3d at 1031, n. 7). These subsections protect innocent purchasers of the debtor's property from the liens. The crux of the argument between the parties herein is whether the Trustee became an eligible purchaser under these subsections on the Petition Date when Cleary's property became property of the bankruptcy estate.

■■ An important distinction between 11 U.S.C. § 545 ("§ 545") and 26 U.S.C. § 6323 ("§ 6323") is that § 545 protects the trustee as though he were a bona fide purchaser, and § 6323 protects a purchaser who buys without knowledge. In order to use § 545 to obtain the protection of § 6323, a trustee would necessarily have to qualify for protection under both definitions.

■■ A bona fide purchaser is defined as "[o]ne who has purchased property for value without any notice of any defects in the title of the seller." *Diperna*, 195 B.R. at 361 *(citing Black's Law Dictionary*, 177 (6th ed.1990)). A purchaser is specifically defined

by the Internal Revenue Code as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6). Purchasing for "value," which can be an amount from one dollar to the full value of the property, is a much lower standard than "adequate and full consideration in money or money's worth." Therefore, a trustee standing in the shoes of a hypothetical bona fide purchaser who has been deemed to have "purchased" the debtor's estate for "value" will not find protection under § 6323 where a purchaser must have paid "adequate and full consideration." *Walter*, 45 F.3d at 1030; *Diperna*, 195 B.R. at 361. *See also In re Bates*, 81 B.R. 63, 64 (Bankr.D.Or.1987) ("Nothing in the Bankruptcy Code places the trustee in a situation similar to that described [in 26 U.S.C. § 6323(b)(4) ].").  Furthermore, where "the rights claimed by the debtor are derived from the trustee's avoiding powers, the debtor may not avoid the lien as ineffective. . . ." *Bates*, 81 B.R. at 64.

Cleary argues that this dispute over the Trustee's status creates an issue of fact. However, it is not an issue of fact; it is an issue of law.

Cleary also argues that the legislative history of § 545 indicates that Congress intended for a trustee to take a debtor's property as if he were a bona fide purchaser for adequate and full consideration. Several other opinions have found with good reason that the language of § 545 is sufficiently clear so as not to warrant such examination of the legislative history, and that the legislative history is contradictory and not helpful.[2] *Walter*, 45 F.3d at 1027, n. 2; *Diperna*, 195 B.R. at 361; *In re Williams*, 109 B.R. 179, 181 (Bankr.W.D.N.C.1989).

■■■ Cleary also argues that the lien should be reduced to an amount reflecting

---

2. If the legislative history of § 545 reveals anything about Congress's intentions, it indicates support for the view that a trustee was not to be permitted to avoid a properly perfected federal tax lien, even if the lien was on property that came within the umbrella of § 6323. The Senate version of the section included an additional subsection that would have resolved this precise issue in favor of the statutory creditor. The section was deleted as "unnecessary." 124 Cong. Rec. H11097 (Sept. 28, 1978). However, the remarks contained in the Congressional Record indicate that there may have been a misunderstanding with respect to the effects of deleting the proposed subsection. It is therefore appropriate to interpret the statute on its face.

value of her property at the time when the lien was filed, subtracting the amount of an earlier filed state tax lien. The IRS responds that this amounts to "lien stripping," which is prohibited by the Supreme Court's opinion in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).[3] Although the circumstances in *Dewsnup* differed from circumstances presented here, courts in subsequent cases have applied principles elucidated in *Dewsnup* to federal tax liens that attached to a debtor's personal property pre-petition. *In re Senise,* 202 B.R. 403 (Bankr.D.S.C.1996); *Phillips v. United States,* 197 B.R. 363 (M.D.Fla.1996); *United States v. Stauffer,* 1995 WL 545302 (E.D.Cal. 1995). The weight of reasoned authority holds that federal tax liens may not be "stripped" down to the value of collateral securing them.

Cleary also claims in her Amended Complaint that her personal property is exempt from the reach of the IRS pursuant to 26 U.S.C. § 6334(a).

Section 6334(a) of 26 U.S.C. provides as follows:

§ 6334. Property exempt from levy

(a) Enumeration.—There shall be exempt from levy—

(1) Wearing apparel and school books.— Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2) Fuel, provisions, furniture, and personal effects.—So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $2,500 in value;

(3) Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,250 in value.

■ Cleary's reliance on this is misplaced. The provision protects a debtor's property from a summary non-judicial procedure of levy provided by the Internal Revenue Code. It does not provide a general exemption from a federal tax lien. *United States v. Barbier,* 896 F.2d 377 (9th Cir. 1990); *United States v. Voelker,* 175 B.R. 989 (W.D.Wis.1994); *United States v. King,* 137 B.R. 43 (D.Neb.1991); *In re Bates,* 81 B.R. 63, 64 (Bankr.D.Or.1987). Therefore, this section is irrelevant to the issue pending here.

■ Finally, Cleary argues that 26 U.S.C. § 6325(b) provides for discharge of a lien where there is a determination that the property to which the lien has attached has no value and that, because such a determination has not been made, there exists an issue of fact precluding the award of summary judgment.

Section 6325(b) of 26 U.S.C. provides in pertinent part that:

§ 6325. Release of lien or discharge of property

. . .

(b) Discharge of property—

. . .

(2) Part payment; interest of United States valueless.—Subject to such regulations as the Secretary may prescribe, the Secretary may issue a certificate of discharge of any part of the property subject to the lien if—

. . .

(B) the Secretary determines at any time that the interest of the United States in the part to be so discharged has no value. In determining the value of the interest of the United States in the part to be so discharged, the Secretary shall give consideration to the value of such part and to such liens thereon as have priority over the lien of the United States.

The language of this statute is discretionary, not mandatory, with respect to the IRS's actions. The IRS has not chosen to pursue this course of action. Furthermore, 26 C.F.R. § 301.6325–1 provides a mechanism

3. The longstanding doctrine of lien pass-through was first set out in *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) and was recently embraced in *Dewsnup.* "[N]otwithstanding the language in 506(d) . . . [which] might be read to suggest that a lien survived [only] to the extent it was secured . . . The court relied on pre-code law and legislative history to find that 506(d) voided only those liens on claims that were themselves disallowed." Baird, Douglas G., *The Elements of Bankruptcy,* p. 11, n. 7 (The Foundation Press, Inc.1993).

by which a person desiring a certificate of discharge may submit an application to the IRS's district director responsible for collecting the tax. Cleary has not indicated that she is proceeding with such an application. Therefore, 26 U.S.C. § 6325 is not relevant to the resolution of the motion before this Court, and a genuine issue of material fact has not been raised by Cleary sufficient to defeat summary judgment.

## CONCLUSION

For the reasons set forth above, by ordered to be entered, summary judgment will be granted for defendant United States of America declaring that the Debtor's income taxes for 1988, 1990, and 1991 are dischargeable, but that notice of federal tax lien with respect to the Debtor's income taxes for 1988, 1990, and 1991 is not avoidable under 11 U.S.C. § 545.