UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In re: JAMES A. MOSER, d/b/a
Gateway Properties; In Re:
ELIZABETH W. MOSER, d/b/a
Gateway Properties,

*Debtors.*

---

JAMES A. MOSER, d/b/a Gateway
Properties; ELIZABETH W. MOSER,
d/b/a Gateway Properties,

*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA, on
behalf of the Internal Revenue
Service,

*Defendant-Appellee.*

No. 01-1075

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CA-00-697-1, BK-98-11766-C-11G)

Argued: September 26, 2001

Decided: January 9, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Mathew E. Bates, MATHEW E. BATES, P.A., Greensboro, North Carolina, for Appellants. Tamara Wenda Ashford, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Claire Fallon, Acting Assistant Attorney General, Thomas J. Clark, Benjamin H. White, Jr., United States Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

This case concerns a dispute between James A. and Elizabeth W. Moser, two Chapter 11 debtors, and the Internal Revenue Service (IRS) over the amount of interest and penalties owed by the Mosers on unpaid taxes for the 1984 tax year. During the Mosers' bankruptcy proceeding, they objected to a proof of claim filed by the IRS as arbitrary and excessive. The bankruptcy court denied the objection and allowed the IRS's claim. The district court affirmed the bankruptcy court's order, and the Mosers now appeal to this court. Finding no error, we affirm.

I.

James A. and Elizabeth W. Moser, d/b/a Gateway Properties, filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Middle District of North Carolina on July 16, 1998. On October 13, 1998, the IRS filed a proof of claim against the Mosers in the amount of $652,902.16 for unpaid taxes, penalties, and interest for the 1984 and 1988 tax years. The IRS amended its proof of claim three times. The first amended proof of claim asserted a claim against the Mosers for

$566,608.59, and the second was for $541,249.71. On January 11, 1999, the IRS filed its third and final amended proof of claim, asserting that the Mosers' debt to the agency totaled $638,238.08. The variance in numbers among the several proofs of claim is due solely to differences in the IRS's calculations of the penalties and interest owed for the 1984 tax year.[1]

The Mosers objected to the IRS's third amended proof of claim, and the bankruptcy court held a hearing on their objection on December 2, 1999. At this hearing the IRS offered testimony and exhibits explaining how it had arrived at the figures in its third amended proof of claim. The bankruptcy court denied the Mosers' objection and allowed the IRS's claim as filed in an order dated March 27, 2000. The court ruled that the Mosers had failed to produce sufficient evidence to rebut the presumption of correctness that attached to the IRS's proof of claim. The Mosers then appealed to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 158(a). The district court affirmed the bankruptcy court in an order dated December 6, 2000. The Mosers filed a timely notice of appeal to this court. We have jurisdiction over the appeal under 28 U.S.C. §§ 158(d) and 1291. The Mosers' appeal qualifies as a final order under § 1291 because of the "more relaxed standard of finality . . . traditionally assigned bankruptcy appeals." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986).

II.

Our review of the district court's order is de novo. *In re Tudor Associates, Ltd., II*, 20 F.3d 115, 119 (4th Cir. 1994). As a "second court of review" of the bankruptcy court's order, we conduct an independent review of that order, employing the same standards used by the district court. *In re Club Associates*, 951 F.2d 1223, 1228 (11th

---

[1]The IRS originally claimed penalties for the 1984 tax year in the amount of $257,724.42 and interest in the amount of $282,813.07. The second (and lowest) amended proof of claim used the same figure for penalties but claimed that the Mosers owed only $171,160.58 in interest for the 1984 tax year. The third and final amended proof of claim asserts that the Mosers owe $313,860.64 in penalties and $212,012.77 in interest.

Cir. 1992). We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Tudor*, 20 F.3d at 119.

Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." When a claim is undisputed, this rule allows for efficient resolution by the bankruptcy court "without the formalities of a complaint, answer, affidavits, and summary judgment, which might arise in the context of a federal civil proceeding." *In re Landbank Equity Corp.*, 973 F.2d 265, 269 (4th Cir. 1992). However, when a tax claim is disputed in the context of a bankruptcy proceeding, the Bankruptcy Code is not interpreted to alter the traditional allocation of the burden of proof. *See Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 22 n.2 (2000); *see also Landbank*, 973 F.2d at 269-70 ("[W]e find nothing in the plain language of the Bankruptcy Code that expresses an intent to alter the burdens of proof or persuasion in the context of a disputed claim against the bankruptcy estate."). As a result, "the burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it." *Raleigh*, 530 U.S. at 26. In this case the IRS's task in proving its claim is akin to what it would be in a tax deficiency proceeding, and *Raleigh* directs us to apply the general burden allocation scheme followed in such a proceeding. We explained that scheme in *Cebollero v. Commissioner*, 967 F.2d 986, 991 (4th Cir. 1992):

> In this Circuit, the Commissioner always has the burden of persuasion as to the amount and existence of any deficiency. Before the Commissioner is required to carry that burden, however, the taxpayer first must dispense with the so-called presumption of correctness by carrying his own burden and persuading the court by a preponderance of the evidence that the assessment is arbitrary and excessive.[2]

---

[2]We explained in *Cebollero* that the use of the phrase "presumption of correctness" in this context is potentially confusing. Whereas a presumption ordinarily affects only a party's burden of production, here the presumption of correctness "is simply another way of saying that the taxpayer bears the burden of persuasion on the issue of arbitrariness." *Cebollero*, 967 F.2d at 991 n.5.

We agree with the district court and the bankruptcy court that *Cebollero* determines the allocation of the burden of proof in this case. Thus, the Mosers bore the burden in the bankruptcy court of proving by a preponderance of the evidence that the IRS's third amended proof of claim is arbitrary and excessive. On appeal the Mosers offer four reasons why the bankruptcy court erred by ruling that they failed to carry their burden of proof.

The Mosers first argue that the IRS should not benefit from the presumption of correctness because a proof of claim that has been amended three times is more likely than not to be incorrect. (Indeed, the IRS admits that even its third amended proof of claim contains mistakes, albeit mistakes favorable to the debtors.) While we are not pleased with the IRS's apparent inability to calculate properly the penalties and interest on the Mosers' 1984 tax deficiency, the IRS's previous failures cannot be sufficient by themselves to prove that its final, third amended proof of claim is arbitrary and excessive. *Cf. In re Bates*, 81 B.R. 63, 63 (Bankr. D. Or. 1987) (holding that an amended proof of claim was prima facie valid under Bankruptcy Rule 3001(f)). We therefore reject the Mosers' first argument.

The Mosers' second argument challenges the IRS's calculation of interest on their unpaid taxes from 1984 by relying on a 1996 order of dismissal and decision entered against them by the United States Tax Court. The Tax Court order established their tax deficiency for 1984 as $118,605. According to the Mosers, the IRS's proof of claim must be arbitrary and excessive because the IRS improperly based some of its interest calculations for the 1984 tax year on a tax deficiency of $195,533. The Mosers claim that the IRS is bound by the Tax Court's decision and cannot calculate interest based on any deficiency greater than that found by the Tax Court. This argument rests on a misunderstanding of the relevant law. The method for calculating the interest on unpaid taxes is explained in I.R.C. § 6601(d)(1), which provides:

> (1) *Net Operating Loss or Capital Loss Carryback* — If the amount of any tax imposed by subtitle A is reduced by reason of a carryback of a net operating loss or net capital loss, such reduction in tax shall not affect the computation of interest under this section for the period ending with the fil-

ing date for the taxable year in which the net operating loss
or net capital loss arises.[3]

Here, the Mosers had a tax liability of $195,533 at the time their 1984
tax return was due to be filed, but that liability was subsequently
reduced to $118,605 by net operating losses in 1985, 1986, and 1987
that were carried back to 1984. Under § 6601(d)(1), the Mosers owed
interest on the full $195,533 until the date when their 1985 return was
filed and the 1985 net operating losses were carried back to reduce
the 1984 tax liability to $151,871. Similarly, the Mosers owed interest
on the $151,871 deficiency for the 1984 tax year until the date when
their 1986 return was filed and the 1986 net operating losses were car-
ried back to further reduce their 1984 tax liability. The Mosers' 1984
tax liability was reduced to the $118,605 figure found by the Tax
Court only when the Mosers filed their 1987 tax return, and it is only
at that point that this figure became the proper basis for the IRS's
interest calculations. Accordingly, we hold that the IRS properly
based some of its interest calculations on figures that were larger than
the final 1984 tax liability of $118,605 established by the Tax Court's
order. The Mosers' second argument therefore fails.

The Mosers' third argument turns on the IRS's failure to call Brian
Jobe, an IRS employee, as a witness at the bankruptcy court hearing.
The Mosers claim that Jobe prepared the various proofs of claim and
performed the underlying calculations.[4] They contend that because the
IRS called other agency employees, and not Jobe, to explain the cal-
culations, the bankruptcy court should have presumed that Jobe's tes-
timony would have been unfavorable and then should have used that
presumption to conclude that the IRS's proof of claim was arbitrary
and excessive. This argument also fails to persuade us. The calcula-

---

[3]Unless otherwise noted, all of our citations to the Internal Revenue
Code (Title 26 of the U.S. Code) are to the provisions in effect for the
1984 tax year. Because Congress frequently amends the tax code, most
of the provisions we cite have either been amended or repealed since that
time.

[4]The IRS claims in its brief that although Jobe signed the proofs of
claim, he did not actually perform the calculations reflected in those
claims. However, for purposes of this appeal we will assume that Jobe
actually performed the calculations.

tion of interest and penalties on unpaid taxes does not involve subjective judgments. It does not matter who performs the calculations. All that matters is whether or not they are performed correctly. As a result, the IRS was free to call any employee who could explain why the figures in the third amended proof of claim are correct. The IRS chose to call Ronnie Branen and Michael Knot rather than Jobe, and the bankruptcy court correctly refused to draw any adverse inferences from that decision.

Finally, the Mosers argue that the penalties calculated by the IRS for the 1984 tax year are arbitrary and excessive because they exceed the legal limits prescribed in the Internal Revenue Code. It is not clear from the record before us whether the Mosers actually made this argument to the bankruptcy court. Even so, we address the argument out of an abundance of caution. As explained in the 1996 order of the Tax Court, the Mosers incurred various penalties (known as "additions to tax") arising from their 1984 tax deficiency of $118,605, including penalties under I.R.C. § 6651(a)(1) (failure to file tax return), I.R.C. § 6653(a)(1)-(a)(2) (underpayment of taxes caused by taxpayers' negligence), and I.R.C. § 6661 (substantial understatement of tax). The Mosers correctly point out that the statutes imposing these penalties had ceilings dictating that the total penalty could not exceed a certain percentage of the tax deficiency. For example, the maximum penalty for failing to file a tax return was limited to 25 percent of the tax deficiency. *See* I.R.C. § 6651(a)(1). The Mosers then argue that the IRS's proof of claim must be wrong because the $313,860.64 in penalties claimed by the IRS greatly exceeds these statutory ceilings. Unfortunately for the Mosers, Knot's testimony during the bankruptcy court hearing plausibly explained that the penalties figure for 1984 is so high because it includes the interest assessed on those penalties pursuant to § 6601(e)(2). As the bankruptcy court observed, the Mosers "neither refuted the government's proof nor [showed] the assessment to be erroneous." In fact, the Mosers raised no serious challenge to Knot's explanation of the IRS's calculations. Consequently, we also reject the Mosers' fourth argument.

III.

Because we are unpersuaded by the Mosers' arguments that the IRS's claims of penalties and interest for the 1984 tax year are arbi-

trary and excessive, we agree with the bankruptcy court and the district court that the Mosers failed to rebut the presumption of correctness enjoyed by the IRS's third amended proof of claim. Accordingly, the orders of the district court and the bankruptcy court are

*AFFIRMED*.