In re B. Thomas **HENDERSON**, Debtor.

**Bankruptcy No. 90–13315–FM.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

Sept. 5, 1991.

---

Gray Byron Jolink, Austin, Tex., for debtor, B. Thomas Henderson.

William R. Leighton, Sp. Asst. U.S. Atty., Austin, Tex., for the U.S. (I.R.S.)

MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO PRIORITY AND SECURED CLAIM OF THE INTERNAL REVENUE SERVICE

FRANK R. MONROE, Bankruptcy Judge.

A hearing was held on July 2, 1991 on the Objection to B. Thomas Henderson, Debtor, to Priority and Secured Claim of the Internal Revenue Service ("IRS").

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334(b) and (d), 28 U.S.C. §§ 157(a) and (b)(1) and the standing Order of Reference existing in this District. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

### SETTING THE STAGE

On October 22, 1990, the Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code. The Debtor previously filed a Chapter 7 case on July 3, 1987, and the Debtor received a discharge on March 28, 1988. The Debtor then filed a Chapter 13 case on December 27, 1989 which was dismissed on April 5, 1990. The IRS timely filed a proof of claim in this case to which the Debtor objected. After the IRS responded, the Debtor requested that Part VII of the Bankruptcy Rules be applied to

this contested matter, which the Court approved.

The Debtor's Objection contained allegations that the IRS's claim includes an improper assessment of interest and penalties on the taxes owed during the pendency of the Debtor's two prior bankruptcy cases, and that since the IRS failed to follow Texas law in filing its Notice of Tax Lien [it was filed only in the real property records of Travis County, Texas and without a designation of personal property] its lien is only secured against the Debtor's real property but not personal property. These objections were not urged at trial. Instead, by agreement of the parties, the issues tried are those specifically addressed in this Memorandum Opinion.

## FINDINGS OF FACT

1. The IRS timely filed a proof of claim in the amount of $50,402.89, an amount derived from audit assessments regarding the Debtor's federal income tax liabilities for the years 1982, 1983, 1984, and 1985.

2. The IRS filed Notices of Federal Tax Lien on December 27, 1989 in the records of the County Clerk for Travis County, Texas. The Notices were filed prepetition.

3. The parties agreed that the proof of claim amount of $50,402.89 should be reduced by $365.21 collected by the IRS from the Debtor after the first chapter 7 case and that the remaining amount is owed.

4. The Debtor had $4,000.00 in cash in a checking account at First State Bank of Austin on the petition date which he did not claim as exempt.

5. The Debtor also owned on the petition date a contingent referral fee arising out of a lawsuit he had referred to another attorney on a prior occasion. This asset, however, was not scheduled.

6. The Debtor received approximately $41,000.00 in payment of his contingent referral fee on February 25, 1991, after the petition date.

7. The cash and referral fee are nonexempt assets of the estate.

## ISSUES

1. Is IRS's proof of claim properly secured by personal property of the Debtor, specifically the cash and the referral fee?

2. Does the Debtor have standing to assert the trustee's avoidance power set forth in § 545(2) to avoid the alleged statutory tax lien of the IRS if it is otherwise properly secured by property of the Debtor?

3. If standing exists, does the interplay between § 545(2) and § 6323(b) of the Internal Revenue Code result in the exclusion of the cash and referral fee from the federal tax lien?

## DISCUSSION AND CONCLUSIONS OF LAW

1. *The Secured Status of the IRS's Claim*

The IRS alleges that its proof of claim is secured by personal property of the Debtor, specifically the cash and the referral fee. Section 6321 provides the IRS with a broad lien:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

To perfect a tax lien, the Internal Revenue Code defers to state law to designate the place and manner of filing notices of lien. 26 U.S.C. § 6323(f). In Texas, notices of liens upon real property must be filed in the county clerk's office where the real property is situated, and if the delinquent taxpayer is an individual, notices of liens upon personal property must be filed in the county clerk's office where the person resides. Tex.Prop.Code Ann. § 14.002 (Vernon Supp.1991). In Travis County, where the Debtor resides, all federal tax liens are filed in the real property records. The IRS's Notices of Tax Lien were filed in a manner complying with 26 U.S.C.

§ 6323(f) and state law and are, therefore, properly perfected thereunder. The lien covers both real and personal property pursuant to 26 U.S.C. §§ 6321 and 6323(f). *In re Williams*, 109 B.R. 179, 180 (Bankr. W.D.N.C.1989).

■ The lien imposed under § 6321 "arise[s] at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322; *see In re Ridgley*, 81 B.R. 65, 69 (Bankr.D.Or.1987). The lien "is entitled to priority as to all liens except those persons and liens specifically enumerated by statutes, such as I.R.C. § 6323." *In re May Reporting Services, Inc.*, 115 B.R. 652, 656 (Bankr.D.S.D.1990). Further, "the extent of the IRS's secured claim is measured by the value of the collateral as of the date of the filing of the bankruptcy petition." *Matter of Driscoll*, 57 B.R. 322, 327 (Bankr.W.D.Wis.1986).

The testimony presented at the hearing on the Debtor's Objection shows that the Debtor received approximately $41,000.00 for his contingent referral fee on February 25, 1991 and that he had approximately $4,000.00 in a bank account as of the petition date. Since the referral fee (intangible, contingent and unliquidated upon the date of filing) became tangible, noncontingent and fully liquidated shortly thereafter, and since it is now in the Debtor's possession, it is the best evidence of its own value as of the petition date. Its value is, therefore, $41,000.00. The IRS's secured claim in the Debtor's case is $45,-000.00 and its unsecured, priority claim is $5,037.68, totalling $50,402.68.[1]

2. *The Debtor's Ability to Assert Avoidance Powers*

■ Section 545(2) provides that "The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such purchaser exists." 11 U.S.C. § 545(2). In this situation, it is the Debtor and not the Trustee who is attempting to assert the avoidance powers granted the trustee in § 545(2); therefore, the question presented is whether the Debtor has standing to assert such powers.

Courts dealing with avoidance powers have failed to reach a consensus in their answers. Some courts have granted avoidance powers to chapter 13 debtors. *See, e.g., Matter of Ware*, 99 B.R. 103 (Bankr. M.D.Fla.1989) (debtor has standing to avoid preferential transfer under § 547); *In re Freeman*, 72 B.R. 850 (Bankr.E.D.Va.1987) (debtor can assert § 544(a) powers); *In re Weaver*, 69 B.R. 554 (Bankr.W.D.Ky.1987) (debtor is vested with strong-arm powers of § 544(a)); *Matter of Ottaviano*, 68 B.R. 238 (Bankr.D.Conn.1986) (debtor can bring fraudulent transfer action); *Matter of Einoder*, 55 B.R. 319 (Bankr.N.D.Ill.1985) (debtor can assert § 547(b) and § 522(f)(1) actions); *In re Boyette*, 33 B.R. 10 (Bankr. N.D.Tex.1983) (debtor is vested with the avoiding powers of a bona fide purchaser for value under § 544(a)(3)). Other courts have restricted standing to bring avoidance actions to the Chapter 13 trustee. *See, e.g., In re Houston*, 96 B.R. 717 (Bankr. W.D.Tex.1989) (section 1303 grants standing only to the trustee to exercise avoidance powers); *Matter of Mast*, 79 B.R. 981 (Bankr.W.D.Mich.1987) (debtor has no standing to avoid preferential transfer under § 547); *In re Walls*, 17 B.R. 701 (Bankr.S.D.W.Va.1982) (trustee has exclusive right to use avoiding powers under § 547).

■ Courts dealing with § 545 have likewise not reached consistent results. One court granted standing to pursue a § 545(2) action to avoid federal tax liens and stated "[i]t is without dispute that Chapter 13 debtors are empowered and have the ability to exercise the Trustee's lien avoidance

---

**1.** The total amount of the IRS's claim includes the 1982, 1983, 1984 and 1985 audit deficiencies which were not discharged in the Debtor's prior Chapter 7 case.

powers under Chapter 5." *Matter of Coan,* 72 B.R. 483, 485 (Bankr.M.D.Fla. 1987) (citing courts which have granted avoidance powers to the Chapter 13 trustee under other avoidance sections of the Code but not including § 545). However, other courts have denied the debtor the right to pursue actions to avoid tax liens on exempt property based on their interpretation of two subsections of § 522. The Court agrees with these latter decisions and finds their reasoning applicable to the situation at hand.

The Bankruptcy Code "unambiguously gives avoidance powers to bankruptcy trustees and to chapter 11 and 12 debtors, *but* not to chapter 13 debtors," *In re Perry,* 90 B.R. 565, 567 (Bankr.S.D.Fla.1988) (citing §§ 1107(a), 1203, and 1303); *cf., In re Sierer,* 121 B.R. 884 (Bankr.N.D.Fla. 1990) (chapter 11 debtor granted the trustee's status of hypothetical bona fide purchaser under § 545(2) to avoid perfected federal tax liens). Section 1303 (rights and powers of debtor), by its own terms, does not provide a chapter 13 debtor with any avoidance powers.

■ However, some limited powers to avoid transfers are granted in Chapter 5 [specifically § 522(h)] to the debtor if the property could have been claimed as exempt but for the transfer.[2] *Matter of Driscoll,* 57 B.R. at 325; *see also, In re Williams,* 109 B.R. at 180; *In re Mattis,* 93 B.R. 68, 69 (Bankr.E.D.Pa.1988); *In re Perry,* 90 B.R. at 567; *In re Ridgley,* 81 B.R. at 67. The powers granted in § 522(h) are, in turn, limited by § 522(c)(2)(B) if a tax lien is involved.[3] *In re Perry,* 90 B.R. at 567; *see also In re Williams,* 109 B.R. at 180; *Matter of Driscoll,* 57 B.R. at 326; *In*

*re Ridgley,* 81 B.R. at 68. "11 U.S.C. § 522(c)(2)(B) bestows added protection upon perfected tax liens and provides that exempt property remains liable for a tax lien, notice of which has been properly filed." *In re Mattis,* 93 B.R. at 69. Thus, as to exempt property, allowing a chapter 13 debtor to invoke the trustee's avoidance power under § 545(2) would "circumvent the effects of § 522(c)(2)(B)." *Id.* at 70.

Nowhere in the Code, including Chapter 5, is the debtor granted standing to avoid tax liens on *non-exempt* property. Here, both the cash and the referral fee are non-exempt property. The Court finds persuasive that Congress did grant a Chapter 13 debtor standing to avoid certain liens on exempt property but remained totally silent with regard to non-exempt property. Further, in the face of such silence and since Congress specifically did not grant a Chapter 13 debtor standing to avoid a tax lien on exempt property, the same result should occur as to tax liens on property that is non-exempt. Additionally, there is nothing in the Code which grants the Debtor the right to preserve the trustee's position of a hypothetical bona fide purchaser in his plan and to pursue avoidance actions after confirmation of his plan. *See* 11 U.S.C. § 1327(b).[4] And, in the case at hand, nothing in the Debtor's plan or in the order confirming the plan attempted to preserve such a right in favor of the debtor.

The Court concludes that the Debtor does not have standing to assert the avoidance power granted to the trustee in § 545(2) to avoid statutory tax liens on non-exempt property.

**2.** Section 522(h) provides that "[t]he debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer." 11 U.S.C. § 522(h).

**3.** Section 522(c)(2)(B) provides that "[u]nless a case is dismissed, property exempted under this

section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—(2) a debt secured by a lien that is—(B) a tax lien, notice of which is properly filed." 11 U.S.C. § 522(c)(2)(B).

**4.** "Except as otherwise provided in the plan or in the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b).

### 3. Exclusion of the Cash and Referral Fee from the IRS's Tax Lien

Even though the Debtor does not have standing to avoid the IRS's lien, the Court will review the interplay of § 545(2) and The Federal Tax Lien Act of 1966 which grants "superpriority" status to purchasers of certain types of property and allows them to take free of the perfected tax lien as that is the issue the parties primarily argued at trial.

Section 545(2) of the Bankruptcy Code provides the trustee the status of a bona fide purchaser; as such, the trustee has the power to avoid the IRS's statutory lien with respect to property specified in §§ 6323(b) and (c). Section 6323(b) of the Internal Revenue Code excepts various types of property from the blanket lien imposed by § 6321 if certain conditions are met. Whether the IRS's lien attaches to the cash and/or to the referral fee will be analyzed separately.

Section 6323(b)(1) excludes securities from the operation of a filed notice of lien:

(A) as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and

(B) as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien.

26 U.S.C. § 6323(b)(1).

The term "security" is defined to specifically include money. 26 U.S.C. § 6323(h)(4). The Court found only one case dealing with the avoidance of a tax lien on cash using § 545(2) powers. *See In re Sierer*, 121 B.R. 884. That case involved a Chapter 11 debtor, and the Court found the debtor-in-possession had standing to bring the avoidance action. The court determined that the cash held by the debtor-in-possession fell within § 6323(b)(1), and the tax lien could be avoided. *Id.* at 887. Here, a similar action would have been successful but for the Debtor's lack of standing.

However, there is no similar basis in § 6323(b) to exclude the lien on the referral fee. The only category under which the referral fee could arguably fall is § 6323(b)(8) which allows an attorney's lien to take free of the tax lien. Section 6323(b)(8) in pertinent part provides:

(b) Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

(8) Attorneys' liens.—With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement.

26 U.S.C. § 6323(b)(8).

The Court could find no cases on point. However, this section does not cover the situation at hand. First, we have an oral agreement to receive a referral fee from the attorney to whom the Debtor referred the case if, as, and when any money is recovered thereunder. This does not constitute an attorney's lien under § 6323(b)(8). No assignment of an interest in the lawsuit or judgment was taken by this Debtor to secure his fees nor did he contribute either to obtaining the judgment or to procuring the settlement as required. And second, the attorney's lien preserved by the statute is when the client, the owner of the cause of action, is the delinquent taxpayer, not the lawyer. This exclusion is simply not applicable to this case.

### CONCLUSION

The tax lien of the IRS was properly perfected against the Debtor's personal property. The Bankruptcy Code does not grant the Debtor authority to assert the trustee's avoidance power under § 545(2). Therefore, the perfected tax lien held by the IRS is secured by both the cash and the referral fee to the extent of $41,000.00 with the remainder being treated as a unsecured priority claim.

Further, had standing existed, the superpriority status conferred by § 6323(b)

would have avoided the tax lien on the cash but not on the referral fee.

The Debtor's Objection to Priority and Secured Claim of the Internal Revenue Service is denied. A separate order of even date herewith will be entered by the Court.