### In re Dwight L. LINN, Debtor.

### Bankruptcy No. 96–34634–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

Aug. 26, 1997.

the debtor's claimed exemptions.

Michael A. Frank, N. Miami, FL, for trustee.

Jose Francisco De Leon, U.S. Department of Justice, Washington, D.C., for I.R.S.

Robin Weiner, Hallandale, FL, Chapter 13 Trustee.

### ORDER DENYING MOTION TO AVOID STATUTORY LIEN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court May 22, 1997, for consideration of the Chapter 13 Trustee's motion to avoid the statutory lien of the Internal Revenue Service. The Court gave the parties until June 23, 1997, to file memoranda in support of their legal positions. Having reviewed the memoranda and for the reasons set forth below, the Court denies the motion to avoid the statutory lien.

The Internal Revenue Service (the "IRS") through the United States of America contends that the Debtor, Dwight Linn (the "Debtor"), is indebted to the United States for federal income tax liabilities in the amount of $19,124.70. The issue of the validity of the IRS's claim is not before the Court. The Debtor and the Trustee do not dispute that the IRS filed a notice of federal tax lien with respect to the liability on May 4, 1995, in Palm Beach County, Florida. Pursuant to 26 U.S.C. § 6321, all of the Debtor's real and personal property is subject to the tax lien.

The Debtor has listed on his schedules that he owns an interest in a time share, a checking account, furniture, jewelry and a retirement plan. The Trustee seeks to avoid the lien of the IRS pursuant to 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b) and (c).

Section 545 of the United States Bankruptcy Code provides—

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

\* \* \* \* \* \*

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

There is no dispute that the IRS lien is a statutory lien or that the IRS lien is perfected. Thus, the Court directs its attention to the issue of whether the IRS lien was "enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case."

Section 6323 of the Internal Revenue Code provides, in pertinent part—

(b) Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

(1) With respect to a security (as defined in subsection (h)(4))—

(A) as against a purchaser of such property who at the time of purchase did not have actual notice or knowledge of the existence of such lien;

(B) as against a holder of a security interest in such security who at the time such interest came into existence, did not have actual notice or knowledge of the existence of such a lien.

\* \* \* \* \* \*

(3) With respect to tangible personal property purchased at retail, as against a purchaser in the ordinary course of the seller's trade or business, unless at the time of such purchase such purchaser intends such purchase to (or knows such

purchase will) hinder, evade, or defeat the collection of any tax under this title.

(4) With respect to household goods, personal effects, or other tangible personal property described in section 6334(a) purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

11 U.S.C. § 6323.

In each of these subsections of Section 6323 a tax lien can be avoided only by a purchaser of the property subject to the tax lien. Section 6323(h)(6) defines purchaser as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property."

At least four courts that have considered a similar attempt to avoid an IRS lien have determined that a trustee as a bona fide purchaser is not equivalent to a purchaser as defined by Section 6323(h)(6). *See, In re Walter,* 45 F.3d 1023 (6th Cir.1995); *United States v. Weissing,* 1995 WL 579928 (M.D.Fla.1995); *In re Carrens,* 198 B.R. 999 (Bankr.M.D.Fla.1996); *In re Straight,* 200 B.R. 923 (Bankr.D.Wyo.1996). In *Walter,* the Sixth Circuit Court of Appeal stated—

> Because a trustee may stand in the shoes of a bona fide purchaser for purposes of Bankruptcy Code § 545(2), the issue becomes whether a bona fide purchaser meets the definition of a purchaser. Although the term "bona fide purchaser" is not defined in the Bankruptcy Code, it is generally understood to mean "[o]ne who has purchased property for value without notice of any defects in the title of the seller." Thus, "value" is a much lower standard than "adequate and full consideration in money or money's worth." [as purchaser is defined under § 6323(h)(6) ] Because a bona fide purchaser is not necessarily a purchaser for purposes of Internal Revenue Code § 6323(b)(2), it follows that a trustee standing in the shoes of a hypothetical

bona fide purchaser does not fall within the protection of the statute.

*In re Walter,* 45 F.3d at 1030 (citations omitted). Although the Trustee attempts to distinguish this case on a factual basis, it is the interpretation of 26 U.S.C. § 6323 that is determinative *sub judice.* The Sixth Circuit's interpretation of "purchaser" as used in Section 6323 has been rejected by a Texas bankruptcy court. In the case of *In re Guyana Development Corp.,* 189 B.R. 393 (Bankr.S.D.Tex.1995), the court declined to follow *Walter* and found that a "trustee as a bona fide purchaser under 11 U.S.C. § 545 meets the requirements of a purchaser under section 6323. The Court finds that the trustee is deemed to have paid full and adequate consideration in his capacity as a bona fide purchaser."

This Court agrees with the Sixth Circuit, the courts of the Middle District of Florida and the Bankruptcy Court for Wyoming and interprets Congress' definition of "purchaser" in Section 6323 as a different entity than a bona fide purchaser as contemplated in Section 545 of the Bankruptcy Code. Because the Trustee does not have the characteristics of a "purchaser", she cannot avoid the IRS lien on the Debtor's property. Accordingly, it is

ORDERED that the Trustee's motion to avoid the IRS lien is denied.