Ronald E. HOLMES, Plaintiff–Appellant,

v.

TEXAS A&M UNIVERSITY, Defendant–Appellee.

No. 96–50528.

United States Court of Appeals, Fifth Circuit.

March 31, 1998.

Steven Zaleski, Austin, TX, for Plaintiff–Appellant.

Aaron Craig Carter, Austin, TX, for Defendant–Appellee.

Before WISDOM, HIGGINBOTHAM and STEWART, Circuit Judges.

STEWART, Circuit Judge:

This is an appeal from the district court's dismissal of Dr. Ronald E. Holmes' Americans with Disabilities Act ("ADA") claim against his former employer, Texas A&M University ("Texas A&M"). Holmes maintains that Texas A&M terminated him due to a disability in violation of Title II of the ADA. Texas A&M sought dismissal on limitations grounds. The district court dismissed Holmes' claim with prejudice. Holmes timely appeals, asking us to decide whether the district court erred in applying Texas' two-year statute of limitations to this

case. Finding no error on the part of the district court, we AFFIRM its decision.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Holmes was a tenured associate professor of mechanical engineering at Texas A&M when he experienced a severe stroke in December 1989. He was hospitalized for three months and was removed from his job for approximately twenty months. The stroke caused a condition known as aphasia, which causes a loss of the ability to process language. Through extensive rehabilitation, Holmes relearned verbal and written communication skills.

In August 1991, Holmes' physician advised Texas A&M that Holmes could return to work, but that he might experience slowed reading skills and difficulty with his speech under stress. Texas A&M hired Holmes to teach a three-hour lecture course in Fluid Mechanics and Heat Transfer for the fall 1991 semester. Holmes received only 60% of his previous salary.

At the conclusion of the semester, Holmes was informed by letter from Dr. Walter Bradley, head of the Mechanical Engineering Department, that students had complained of his inability to provide effective classroom instruction and that, as a result, Holmes would be teaching laboratory sections. Holmes apparently experienced similar problems teaching labs. Bradley verbally informed Holmes in May 1992 that he was considering recommending Holmes' dismissal for lack of professional competence. Bradley subsequently sent Holmes a letter to this effect. On August 10, 1992, Holmes received a letter from Bradley informing him that he was being terminated from Texas A&M for professional incompetence effective May 31, 1993.

Holmes appealed the decision to terminate him and revoke his tenure to the Texas A&M Tenure Mediation Committee. The Committee and Holmes failed to reach resolution. Holmes then appealed his termination to Texas A&M's Board of Regents, which on May 27, 1994, affirmed Holmes' termination effective May 31, 1994.

Holmes filed suit against Texas A&M on April 15, 1996. He alleged that the University terminated him because of a disability, in violation of the ADA. Texas A&M sought to dismiss the suit under Fed.R.Civ.P. 12(b)(6) on the basis of limitations. Texas A&M filed a motion to dismiss or in the alternative, for summary judgment on May 16, 1996, as well as a supplemental motion to dismiss on May 20, 1996. It attached an exhibit to its motion which illustrates that on April 26, 1993, Holmes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violation of the ADA, 42 U.S.C. §§ 12131–32. On September 14, 1993, the EEOC dismissed the charge for lack of jurisdiction, indicating that the actions about which Holmes complained had taken place prior to the effective date of the ADA. Such notice of dismissal was contained in a notice of right to sue. Texas A&M's motion was granted and Holmes' suit was dismissed with prejudice as time-barred.

On appeal, Holmes argues that 1) his cause of action did not accrue until May 31, 1994, and therefore, his complaint was timely filed under the Texas two-year statute of limitations; 2) the statute of limitations applied by the district court should have been tolled due to Holmes' efforts to pursue administrative remedies; and 3) the district court should have applied the four-year statute of limitations rather than the two year statute. We consider each of these arguments in turn below.

### DISCUSSION

 The dismissal of a complaint under Rule 12(b)(6) is reviewed de novo. *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 164 (5th Cir.1997). "This Court will affirm an order granting a 12(b)(6) motion to dismiss 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.' " *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir.1993) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir.1990), *cert. denied*, 498 U.S. 1072, 111 S.Ct. 795, 112 L.Ed.2d 857 (1991)).

■ ·In dismissing Holmes' claim under Title II of the ADA, the district court applied the two-year state law limitations period for personal injury actions. Tex. Civ. Prac. & Rem.Code § 16.003(a). Holmes argues that this was error. Federal law does not provide a limitations period for claims under Title II of the ADA. *See, e.g., Doe v. County of Milwaukee,* 871 F.Supp. 1072, 1076 (E.D.Wis. 1995). The enforcement provision of Title II, under which Holmes sued, adopts the remedies, procedures, and rights set forth in 29 U.S.C. § 794a (the Rehabilitation Act of 1973). 42 U.S.C. § 12133. The Rehabilitation Act's coverage is nearly identical to Title II of the ADA, except that it applies only to entities receiving federal funding. *Doe,* 871 F.Supp. at 1078. Neither Title II of the ADA nor the ·Rehabilitation Act specify a statute of limitations. The selection of a limitations period applicable to Rehabilitation Act cases is governed by 42 U.S.C. § 1988(a), which directs the court to 1) follow federal law if federal law provides a limitations period; 2) apply the common law, as modified by state constitution or statute, if no limitations period is provided by federal law; but 3) apply state law only if it is not inconsistent with the Constitution and laws of the United States. *Hickey v. Irving Indep. ·Sch. Dist.,* 976 F.2d 980, 982 (5th Cir.1992).

■ Texas' two-year statute of limitations for personal injury is the only state statute urged before the district court and mentioned in the briefs. Assuming a two-year limitations period, Holmes first argues that accrual of his ADA claim did not occur until sometime after the EEOC's September 20, 1993 ruling that he did not have a cause of action under the ADA. The only date he suggests as the date of accrual is the May 31, 1994 termination date of which he was notified in an August 10, 1992 letter, and which Texas· A&M affirmed on May 27, 1994. Holmes claims that because he filed ·this action on April 15, 1996, less than two years from the May 31, 1994 accrual date, it is not time-barred.

. Holmes concedes, however, that the limitations period on a cause of action under a federal statute begins to run from the moment the plaintiff becomes aware that he has

suffered an injury or has sufficient information to know that he has been injured. *Helton v. Clements,* 832·F.2d 332, 334–35 (5th Cir.1987). *See also Burfield ·v. Brown, Moore & Flint,* 51 F.3d 583, 589 (5th Cir. 1995) (ADA cause of action arises when employee receives unequivocal notice of facts .giving rise to his·claim or when a reasonable person would know of the facts giving rise to a claim.) According to this rationale, time began to run on Holmes' claim on August 10, 1992, the date of the initial written notice of termination. The district court found this to be the case and ruled that Holmes' suit was untimely.

■ Holmes did not dispute the·application of the two-year limitations period at the district court level. Instead, he argued that the limitations period should have been tolled until May 31, 1994—his effective termination date. Again on appeal, Holmes asserts that the Texas statute of limitations was equitably tolled during the pendency·of Texas A&M's administrative procedures occurring between August 10, 1992, and May 27, 1994, during which· time the EEOC issued its ruling. Holmes insists that a federal court applying a state statute of limitations should also give effect to that state's tolling provisions. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) (applying Texas tolling provisions in an action under 42 U.S.C. § 1983). "Texas courts have held that as a general rule, where·a person is prevented from exercising his legal remedy by the·pendency· of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Id.*

We find that Holmes is not entitled to equitable tolling. EEOC proceedings and University proceedings are administrative rather than legal. Exhaustion of administrative procedures, including the filing of an EEOC claim, is not required·under Title II of the ADA. 28 C.F.R. pt. 35, app. A, sec. 35.172 (1995). *See Tyler v. City of Manhattan,* 857 F.Supp. 800, 812 (D.Kan.1994); *Ethridge v. State of Alabama,* 847 F.Supp. 903, 906–07 (M.D.Ala.1993). Under *Helton* and *Burfield,* Holmes' claim accrued no later than August 10, 1992. Holmes did not re-

ceive the EEOC ruling (that he did not have an ADA claim) until September 20, 1993, at the earliest. Since exhaustion of administrative remedies is not required under Title II, there is no reason that the state statute of limitations should have been tolled prior to September 20, 1993.[1] Therefore, even if the applicable statute of limitations were equitably tolled from September 20, 1993, until the University administrative procedures were completed on May 27, 1994, Holmes' ADA claim was untimely under Texas' two-year limitations period because the 13 and one-half months prior to the EEOC ruling would have to be counted. *See Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Civ.App.1978).

■ Finally, Holmes argues in the alternative that the general federal four-year limitations period in 28 U.S.C. § 1658 applies in this case, thus making his ADA suit timely. Because Holmes did not raise the applicability of § 1658 in the district court, we review the issue under the plain-error standard. *See Highlands Ins. Co. v. National Union Fire Ins. Co.,* 27 F.3d 1027, 1031–32 (5th Cir.1994), *cert. denied,* 513 U.S. 1112, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995) (applying, in a civil case, the plain-error analysis of *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

■ The Supreme Court recently reiterated the parameters of the *Olano* plain-error test. The Court held that "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " *Johnson v. United States,* — U.S. —, —, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997) (quoting *Olano,* 507 U.S. at 732, 113 S.Ct. at 1776–77). "When these elements of plain error are present, a court may exercise its discretion to correct the error if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Greer,* 137 F.3d 247, 251 (5th Cir.1998) (quoting *United States v.*

*Calverley,* 37 F.3d 160, 164 (5th Cir.1994) (en banc), *cert. denied,* 513 U.S. 1196, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995)).

Using these familiar plain-error requirements as a guide, we examine Holmes' assertion that § 1658 applies to his ADA claim. Section 1658 provides:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

If § 1658 is applicable—as Holmes argues—his ADA claim is timely since he filed within four years of the August 10, 1992, termination letter. Determining the effective date of the relevant portion of the ADA and the applicability of § 1658, however, complicates the analysis of Holmes' claim.

Section 1658 was enacted on December 1, 1990. In *Burfield,* this court stated that the ADA became effective for most employers and employees on July 26, 1992. However, it was referring to Title I of the ADA and not Title II. *See id.,* 51 F.3d at 588. The Public Laws in which the legislation is contained are dated July 26, 1990, and parts of Title II became effective on that date, and other parts 18 and 24 months later. However, it appears that the relevant provisions of Title II, i.e., §§ 12131, 12132, and 12133, did not become effective until after December 1, 1990. Thus, § 1658 appears to provide an available limitations period to claims brought pursuant to such provisions. *But see Doukas v. Metropolitan Life Ins. Co.,* 882 F.Supp. 1197, 1200 n. 4 (D.N.H.1995) (involving Title III of the ADA in which the court stated, "The ADA was enacted prior to § 1658 and therefore remains subject to the analysis set forth in [42 U.S.C.] § 1988(a).").

■ Assuming § 1658 applies to ADA actions, the district court's failure to apply it to Holmes' action is error and the first prong of the plain-error test is met. The second prong, however, is more difficult. In *Calver-*

---

1. Holmes invites us to consider *Mizell v. North Broward Hosp. Dist.,* 427 F.2d 468 (5th Cir.1970) in support of his argument that tolling began on August 10, 1992—the date that Texas A&M commenced administrative procedures. *Mizell* dis-

cusses tolling with reference to state proceedings at both a legal and an administrative level. The case was remanded on the tolling issue, however, and thus it is not controlling. *Id.* at 475.

*ley,* this circuit took note of the significance the Supreme Court places on the requirement that the error be obvious or plain. We suggested the meaning of plain as that which "contemplates an error which was 'clear under current law' at the time of trial." *Calverley,* 37 F.3d at 162–63. This court has not yet ruled upon § 1658's applicability in ADA cases, nor does it appear that any of our sister circuits has made such a decision. Thus, we cannot say that such error was "clear under current law." The district court's failure to apply § 1658 sua sponte therefore cannot be obvious error and therefore not plain error. *See id.* at 162–64.[2] Because we perceive no plain error, we thus do not reverse the district court on an issue not clearly presented to it for decision.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**2.** While appellant satisfies the third prong of the plain-error test—the district court's failure to apply the statute *does* affect his substantial rights if § 1658 is applicable—his failure to meet the second prong forecloses his claim that the district court erred by not applying the statute of limitations set forth in § 1658.