**In re Frank John STANGEL, Debtor.**

**Frank John STANGEL, Plaintiff,**

**v.**

**UNITED STATES of America on behalf of the INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 396–30650–HCA–13. Adversary No. 397–3420.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

April 17, 1998.

Linda N. Coffee, Dallas, TX, for debtor/plaintiff.

Ramona S. Notinger, U.S. Dept. of Justice, Tax Division, Dallas, TX, for United States (Internal Revenue Service).

## MEMORANDUM OPINION REGARDING THE UNITED STATES' MOTION TO DISMISS

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court on the 12th day of December 1997 the United States' Motion to Dismiss Debtor's Complaint to Avoid Lien and Supporting Brief, filed October 22, 1997 ("Motion to Dismiss"). Although it is not expressly stated as such, the Motion to Dismiss reads as a motion under Federal Rule of Civil Procedure 12(b)(6), and the Court will treat it as a 12(b)(6) motion.[1] The Debtor filed his Plaintiff's Response to Motion to Dismiss ("Response") on November 12, 1997. The United States filed its Reply to Plaintiff/Debtor's Response to United States' Motion to Dismiss Debtor's Complaint to Avoid Lien ("Reply") on November 20, 1997.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and the Standing Order of Reference in the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

---

1. The IRS's Reply, filed November 20, 1997, refers to the Motion as one under 12(b)(6).

## BACKGROUND

The Debtor filed this chapter 13 case on February 2, 1996. This is his third chapter 13 case. Before the bankruptcy filing, on May 20, 1992, the Internal Revenue Service ("IRS") filed tax liens against the Debtor in both the real and personal property records of Dallas County, Texas. The pleadings do not indicate that there is any dispute regarding the perfection of these liens. Through these liens, the IRS claims a security interest in personal property listed in the Debtor's Amended Schedule B. The Debtor claims the personal property listed on Schedule B as exempt on Schedule C.

On January 1, 1997, the Debtor initiated an adversary numbered 397–3008 by filing his Complaint to Determine Discharge of Taxes and Avoid Liens ("Adversary 397–3008"). In that adversary, the Debtor sought a determination that his debt to the IRS was dischargeable, and that the IRS's liens were "void and unenforceable." As stated in the Court's findings of fact and conclusions of law and order entered August 12, 1997 in Adversary 397–3008, this Court ruled that the Debtor's total debt to the IRS of $124,512.92 would be classified as follows: 1) secured in the amount of $55,005.35; 2) unsecured priority in the amount of $59,-511.62; and 3) general unsecured in the amount of $9,995.95.

On September 17, 1997, the Debtor filed the current adversary proceeding to avoid the IRS's lien pursuant to a combination of 11 U.S.C. § 545(2) [2] and 26 U.S.C. § 6323. In support of the relief requested, the Debtor asserts the following argument in the current complaint and in his Response:

> ... § 545 expressly bestows on the Trustee the status of a hypothetical bona fide purchaser of property of the debtor as of the time of the filing of the case .... the Internal Revenue Code itself protects the right of a bona fide purchaser of certain categories of property, even from a properly filed tax lien. As a hypothetical bona fide purchaser, the Chapter 13 Debtor has

the power to avoid liens on the properties enumerated in § 6323(b) of the Internal Revenue Code because these liens cannot be perfected against a bona fide purchaser.[3]

The IRS argues in its Motion to Dismiss that 1) the Debtor has already litigated the validity of the IRS's lien in Adversary 397–3008, and is therefore barred by either res judicata or collateral estoppel from relitigating it in this adversary proceeding; 2) the Debtor does not have standing to exercise the trustee's powers under § 545(2); and 3) even if the Debtor's standing were not at issue, the hypothetical bona fide purchaser in § 545(2) does not qualify as a 26 U.S.C. § 6323 "purchaser," as to whom IRS liens are invalid.

## ISSUES OF LAW

The Court has been presented with the following issues of law: 1) whether Adversary 397–3008, which set the amount of the IRS's secured claim, has any res judicata or collateral estoppel effect over this adversary proceeding; 2) whether the Debtor has standing to exercise the trustee's powers under § 545(2); and 3) whether the status conferred upon the trustee under § 545(2) qualifies a trustee to avoid IRS liens on certain personal property under 26 U.S.C. § 6323.

## DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Standards

The IRS has moved for dismissal of this complaint on the grounds that it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7012. When considering such a motion, the Court may not consider any materials other than the pleadings.[4] The Court may consider materials submitted as part of the complaint, items in the record,

---

**2.** All references to code sections will be references to Title 11 of the United States Code unless otherwise indicated.

**3.** See Response, at p. 2.

**4.** Federal Rule of Civil Procedure 12(b).

and public record.[5] The burden is on the movant, and the Court must presume all factual allegations of the complaint to be true and must make all reasonable inferences in favor of the non-moving party.[6] The Court should sustain a 12(b)(6) motion " 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.' " [7]

## B. Res Judicata or Collateral Estoppel

The issues litigated in Adversary 397–3008 were the dischargeability of certain taxes owed by the Debtor and the existence of an IRS lien. It resulted in a judgment that the secured portion of the IRS's claim is $55,-005.35.

The IRS argues that because the "validity of the lien" was already litigated, the "issue is res judicata, [and] the debtor is collaterally estopped from relitigating the validity of the lien in this adversary." [8] While arguing that some form of collateral estoppel or res judicata applies, the IRS does not specifically argue which doctrine applies or how it applies.

▪ The current adversary does not seek to challenge the validity or existence of the lien, or dischargeability of the debt, but seeks to avoid it pursuant to statutes in the Bankruptcy Code and the Internal Revenue Code. Validity or existence of a lien and avoidance of a lien are two different legal issues. The issue of whether the IRS's lien could be "avoided," as that term is used in § 545(2), was not litigated in adversary 397–3008,[9] thus collateral estoppel, or issue preclusion, is not applicable.

▪ Res Judicata, or claim preclusion, "makes a final, valid judgment conclusive on the parties and those in privity with them, as to all matters, fact and law, that were *or should have been adjudicated* in the proceedings." [10] The IRS does not articulate why this Court should find that the Debtor should have adjudicated the avoidance issues along with the validity and dischargeability issues.

## C. The Debtor's Standing Under 545(2)

Section 545(2) states:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists;

. . . .

The Chapter 13 trustee is not involved in this adversary, and since § 545(2) specifically grants avoidance powers to the trustee, there is an issue regarding the Debtor's standing.

Section 1303 of the Bankruptcy Code, entitled "Rights and powers of debtor," states that "subject to any limitations on the trustee under this chapter, the debtor shall have exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title." That section does not grant a Chapter 13 debtor standing to exercise any of the trustee's avoidance powers, including § 545(2).

However, the Code does expressly grant a Chapter 13 debtor the ability to exercise avoidance powers, under certain conditions, in § 522(h). Section 522(h) states that "[t]he debtor may avoid a transfer of property of

**5.** 1 James Wm. Moore, et al., Moore's Manual: Federal Practice and Procedure § 11.06[1] (1998).

**6.** *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558 (5th Cir.1998).

**7.** *Holmes v. Texas A & M Univ.*, 138 F.3d 168, 170 (5th Cir.1998) [citing *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir.1993) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir.1990), *cert. denied*, 498 U.S. 1072, 111 S.Ct. 795, 112 L.Ed.2d 857 (1991)) ].

**8.** United States Motion to Dismiss Debtor's Complaint to Avoid Lien, and Supporting Brief, filed October 22, 1997, at p. 291.

**9.** The Court does note that the complaint in Adversary 397–3008 was styled "Complaint to Determine Discharge of Taxes and Avoid Lien," and considers it to be an inartfully drafted title rather than a previous adjudication of the avoidance issue.

**10.** 1 James Wm. Moore, et al, Moore's Manual: Federal Practice and Procedure § 30.04[1] (1998) (citations omitted) (emphasis added).

the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) [11] of this section if the trustee had avoided such transfer, if (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) ... and (2) the trustee does not attempt to avoid such transfer."

Despite the clear language of the Code, there has been a split in authority regarding a Chapter 13 debtor's standing to exercise the § 545 avoidance powers. Several cases have been published which give very thorough analyses of the difference in the authorities, the Court will not reiterate the analysis here.[12]

■ This Court concludes that the general rule is that a Chapter 13 debtor, without joinder of the trustee, does not have standing under § 545(2) to avoid liens which impair non-exempt property, but the Chapter 13 debtor may be eligible for the exception to this rule, and may be able to avoid liens on exempt property pursuant to § 522(h).[13] Since the liens in this case were filed against personal property which the debtor claims as exempt in his bankruptcy schedules, the exception warrants discussion.

■ The Debtor must show all of the following five elements to establish standing to avoid pursuant § 545 through § 522(h): 1) the transfer was not voluntary; 2) the debtor did not conceal the property; 3) the trustee has not attempted to avoid the transfer; 4)

the trustee could have avoided the transfer under one of the avoidance powers; and 5) the debtor would have been able to exempt the property if the trustee had avoided the transfer.[14]

As a matter of law, the Debtor cannot establish the last two elements. As more fully discussed in the next part of this opinion, the trustee could not avoid this lien. Furthermore, the Debtor would not be able to exempt the property if the lien were avoided.

Section 522(h) gives the Debtor standing to use the trustee's § 545(2) avoiding power, but only to the extent that the Debtor could exempt the property in question.[15] Section 522(c)(2)(B) says that even exemptable property that is subject to a properly filed tax lien remains liable for such debt.

■ Several other courts have considered the effect of § 522(c)(2)(B) on the Chapter 13 debtor's right to exercise avoidance powers through § 522(h),[16] and have found that exempt property remains liable for properly filed tax liens. The *Henderson* court found that "[t]he powers granted in § 522(h) are, in turn, limited by § 522(c)(2)(B) if a tax lien is involved." [17] In holding that a debtor lacked standing to avoid and IRS lien under § 545(2), the bankruptcy court in *Mattis* stated:

[section 522(c)(2)(B)] bestows added protection upon perfected tax liens and provides that exempt property remains liable for a tax lien, notice of which has been

---

11. 522(g) reads "Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under sections 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if— (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; ..."

12. *See Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292, 296–97 (5th Cir.1997); *In re Redditt*, 146 B.R. 693 (Bankr.S.D.Miss. 1992); 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 3.43 (2d ed.1994).

13. *Hamilton*, 125 F.3d 292, 297 (5th Cir.1997); *In re Henderson*, 133 B.R. 813, 817 (Bankr. W.D.Tex.1991); 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 3.43 (2d ed.1994).

14. These elements are derived from 522(h) and 522(g). The following cases and authorities have also discussed these elements: *Hamilton*, 125 F.3d 292, 297 (5th Cir.1997) (adopting a 9th circuit test); *In re Willis*, 48 B.R. 295, 298 (S.D.Tex.1985); 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 3.43 (2d ed.1994).

15. For purposes of deciding this Motion, the Court assumes the property is actually exemptible under § 522(d) as the Debtor has claimed.

16. *See e.g., Henderson*, 133 B.R. 813, 817 (Bankr. W.D.Tex.1991); *In re Mattis*, 93 B.R. 68, 69–70 (Bankr.E.D.Pa.1988).

17. *Henderson*, 133 B.R. 813, 817 (Bankr. W.D.Tex.1991).

properly filed. We agree with those courts which have concluded that a debtor's limited standing to avoid statutory liens under 11 U.S.C. § 545 must be reconciled with the protection afforded perfected tax liens under 11 U.S.C. § 522(c)(2)(B).... Congress did not intend to allow chapter 13 debtors to circumvent the effects of § 522(c)(2)(B) by invoking the trustee's avoiding power under § 545(2).... [18]

Since the liens in question are properly filed tax liens, the Court concludes that, in this case, the Debtor does not have standing to exercise the trustee's § 545(2) avoidance power through § 522(h).

## D. Hypothetical Bona Fide Purchaser Status Under § 545(2) Compared With "Purchaser" Status Under 26 U.S.C. § 6323

Even assuming that standing were not a problem, as a matter of law, the trustee could not avoid these liens.

**18.** *In re Mattis*, 93 B.R. 68, 69–70 (Bankr.E.D.Pa. 1988).

**19.** 11 U.S.C. § 101(53).

**20.** If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. 26 U.S .C.A. § 6321.

**21.** 26 U.S.C.A. § 6323(a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

**22.** See 26 U.S.C. § 6323(f) for filing requirements.

**23.** 26 U.S.C.A. § 6323(b) Protection for certain interests even though notice filed.—Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—...

(2) Motor vehicles.—With respect to a motor vehicle (as defined in subsection (h)(3)), as against a purchaser of such motor vehicle, if—

Section 545(2) allows the trustee to avoid any lien which a bona fide purchaser could avoid on the filing date. This is often referred to as the trustee's "hypothetical bona fide purchaser status."

A tax lien is a statutory lien [19] which is valid against the taxpayer without any filing.[20] However, to be valid against a party who purchases property from the taxpayer, the lien must be properly recorded.[21] The Court must assume that the liens in this case were perfected before the filing date, as there is no allegation by the Debtor that they were not.[22] Nevertheless, 26 U.S.C. § 6323 allows "purchasers" of certain types of the taxpayer's property to avoid IRS liens on that property notwithstanding proper perfection.[23]

Therefore, if the trustee's hypothetical bona fide purchaser status in § 545(2) meets the requirements of a "purchaser" [24] in 26 U.S.C. § 6323, the trustee could avoid this

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and
(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.
(3) Personal property purchased at retail.—With respect to tangible personal property purchased at retail, as against a purchaser in the ordinary course of the seller's trade or business, unless at the time of such purchase such purchaser intends such purchase to (or knows such purchase will) hinder, evade, or defeat the collection of any tax under this title.
(4) Personal property purchased in casual sale.—With respect to household goods, personal effects, or other tangible personal property described in section 6334(a) purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.
(5) Personal property subject to possessory lien.—With respect to tangible personal property subject to a lien under local law securing the reasonable price of the repair or improvement of such property, as against a holder of such a lien, if such holder is, and has been, continuously in possession of such property from the time such lien arose....

**24.** 26 U.S.C.A. § 6323(6) "Purchaser.—The term 'purchaser' means a person who, for adequate

perfected tax lien as it applies to the Debtor's property which is of the type enumerated in 26 U.S.C. § 6323.

There is a split in authority on this point. The minority view is that a trustee, through its hypothetical bona fide purchaser status can avoid IRS liens pursuant to 26 U.S.C. § 6323.[25] However, the vast majority of cases have held that the trustee cannot use its hypothetical bona fide purchaser status to avoid IRS liens, primarily because the bona fide purchaser does not meet the specific requirements of a "purchaser" under 26 U.S.C. § 6323(h)(6).[26]

and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice...."

**25.** *Askanase v. United States (In re Guyana Dev. Corp.),* 189 B.R. 393, 397 (Bankr.S.D.Tex.1995) (finding that "the trustee as a bona fide purchaser under § 545 meets the requirements of a purchaser under section 6323" ... because "the trustee is deemed to have paid full and adequate consideration in his capacity as a bona fide purchaser."); *United States v. Branch,* 170 B.R. 577 (E.D.N.C.1994) (allowing the Chapter 13 trustee to avoid liens pursuant to a combination of § 545 and 26 U.S.C. § 6323); *In re Henderson,* 133 B.R. 813, 818 (Bankr.W.D.Tex.1991) (stating in dicta that the trustee, as bona fide purchaser, has the power to avoid the IRS's statutory lien with respect to property specified in § 6323); *United States v. Sierer,* 139 B.R. 752, 756 (N.D.Fla.1991) (affirming a bankruptcy court's conclusion that § 6323(b) exemptions are available to a Chapter 11 debtor in possession through § 545).

**26.** *Janssen v. United States (In re Janssen),* 213 B.R. 558, 563–64 (8th Cir. BAP 1997); *Battley v. United States (In re Berg),* 121 F.3d 535, 537 (9th Cir.1997); *Straight v. First Interstate Bank of Commerce (In re Straight),* 200 B.R. 923, 929 (Bankr.D.Wyo.1996), *aff'd,* 207 B.R. 217 (10th Cir.BAP1997); *United States v. Hunter (In re Walter),* 45 F.3d 1023, 1030 (6th Cir.1995); *Internal Revenue Service v. Diperna,* 195 B.R. 358 (E.D.N.C.1996) (stating that "[e]ven if the court were persuaded that a trustee was entitled to the protection of § 6323(b), the subsections of § 6323(b) at issue here require something in addition to purchaser status in order for the tax lien to be invalid as to the purchaser.... Although the trustee steps into the shoes of a bona fide purchaser, this is all he or she does; the court will not assume that the trustee has characteristics beyond that which a hypothetical bona fide purchaser would have."); *United States v. Weissing,* 1995 WL 579928, at *5 (M.D.Fla.1995); *In re Linn,* 212 B.R. 169, 171 (Bankr.S.D.Fla.

The authorities which take the minority view rely primarily on the legislative history of § 545.[27] The legislative history seems to reflect a misunderstanding between the House and the Senate, and is not the picture of clarity regarding the drafters' intent.[28] After review by the Court, it is not clear that a literal interpretation of the § 545 as it is written is demonstrably at odds with the drafters' intent. The United States Supreme Court has stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' "[29]

1997); *Mitchell v. United States (In re Mitchell),* 1997 WL 265716, at *3 (Bankr.E.D.Cal.1997); *Cleary v. United States (In re Cleary),* 210 B.R. 741, 745 (Bankr.N.D.Ill.1997); *Carrens v. United States (In re Carrens),* 198 B.R. 999, 1006 (Bankr. M.D.Fla.1996).

**27.** See *Askanase v. United States (In re Guyana Dev. Corp.),* 189 B.R. 393 (Bankr.S.D.Tex.1995); *United States v. Sierer,* 139 B.R. 752 (N.D.Fla. 1991). The cases refer to the legislative history in both the House and Senate. See 1978 U.S.C.C.A.N. 5787, P.L. 95–598.

**28.** The Senate Report discusses a Senate-proposed amendment which would have added a subsection (b) to § 545 dealing specifically with the relationship between § 545 and 26 U.S.C. § 6323, to provide "that a trustee in bankruptcy does not have the right under this section to take otherwise specifically treated items of personal property free of a tax lien filed before the filing of the petition." S.Rep. No. 989, 95th Cong., 2nd Sess.1978, *reprinted in* 1978 U.S.C.C.A.N. 5787, 1978 WL 8531 (Leg.Hist.). The House deleted that proposed amendment and stated: "Section 545 of the House Amendment modifies similar provisions contained in the House Bill and Senate Amendment to make clear that a statutory lien may be avoided under section 545 only to the extent the lien violates the perfection standards of section 545. Thus a federal tax lien is invalid under section 545(2) with respect to property specified in sections 6323(b) and (c) of the Internal Revenue Code of 1954. As a result of this modification, section 545(b) of the Senate Amendment is deleted as unnecessary." H.Rep. No. 95–989, *reprinted in* 1978 U.S.C.C.A.N. 5787, 1978 WL 8531 (Leg.Hist.). This Court finds the legislative history, especially the House Report, to be contradictory and unclear. See also *In re Walter,* 45 F.3d 1023, 1027, n. 2 (6th Cir.1995).

**29.** *United States v. Ron Pair,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (citing *Griffin v. Oceanic Contractors, Inc.,* 458

Therefore, the Court declines to decide this issue based on the legislative history, but will decide the matter based upon the plain language of the two statutes.

The authorities in the majority generally analyze the situation as follows. In order for the trustee to be able to avoid a tax lien through § 545(2) and 26 U.S.C. § 6323, the "bona fide purchaser" must have the same characteristics as the "purchaser" in the Internal Revenue Code.[30] The term "bona fide purchaser" is not defined in the Bankruptcy Code, but is generally understood to mean a person "who has purchased property for value without notice of any defects in the title of the seller."[31] Section 6323 of the Internal Revenue Code defines a "purchaser" as a person who acquires an interest for "adequate and full consideration."[32] Value may be anything from one dollar to the full value of the property, and is thus a much lower standard than "full and adequate consideration."[33] Therefore, a trustee as a hypothetical bona fide purchaser under § 545(2) does not automatically meet the definition of a purchaser for purposes of lien avoidance under 26 U.S.C. § 6323.

■■■ Several courts have stated that they will not assume characteristics beyond those given a bona fide purchaser.[34] This Court agrees and finds that if Congress wanted the hypothetical "bona fide purchaser" and the "purchaser" to be the same, it could have either amended the Internal Revenue Code to provide that a bona fide purchaser could avoid liens on certain property or it could have inserted an explicit provision in § 545. Therefore, with great respect for the other bankruptcy courts in Texas which are in the minority position, this Court concludes the majority position is the better reasoned of the two. Furthermore, the majority position is adopted by the only three circuit courts which have considered this issue.

## E. The IRS's Request for Attorneys' Fees and Costs

The Motion to Dismiss asks that the Court charge the Debtor with the United States' attorneys' fees and costs because there is no legal authority supporting the Debtor's position.[35] It should be evident from the Court's analysis of the splits in authority on several of these issues, that the Debtor's claim is supported by some authorities even though this and other courts have decided against him on those issues of law. For that reason the Court declines to assess the Debtor for fees and costs.

## CONCLUSION

For the above stated reasons, the Court finds that no relief can be granted under any set of facts that could be proven consistent with the allegations made by the Debtor. The Court therefore concludes that the IRS's Motion to Dismiss should be granted. A separate order will be entered granting the Motion to Dismiss.

---

U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

**30.** *See United States v. Hunter (In re Walter)*, 45 F.3d 1023, 1030–31 (6th Cir.1995); *Janssen v. United States (In re Janssen)*, 213 B.R. 558–562–565 (8th Cir. BAP 1997); *In re Linn*, 212 B.R. 169, 171 (Bankr.S.D.Fla.1997); *Cleary v. United States (In re Cleary)* 210 B.R. 741, 745 (Bankr. N.D.Ill.1997).

**31.** Black's Law Dictionary 177 (6th ed.1990).

**32.** 26 U.S.C. § 6323(6).

**33.** *See United States v. Hunter (In re Walter)*, 45 F.3d 1023, 1030–31 (6th Cir.1995); *Janssen v. United States (In re Janssen)*, 213 B.R. 558–562–565 (8th Cir. BAP 1997); *Cleary v. United States (In re Cleary)* 210 B.R. 741, 745 (Bankr.N.D.Ill. 1997).

**34.** *See, e.g., Internal Revenue Service v. Diperna*, 195 B.R. 358, 361 (E.D.N.C.1996).

**35.** The IRS is apparently relying on Bankruptcy Rule 9011.